■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COMFORT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant attended the trial of this indictment for five days; however, on the morning of the sixth day, defendant failed to appear. His attorney informed the court

that he had spoken with defendant late the previous night and defendant did not mention that he would not be in court the next morning. Defendant's father, who was in the courtroom, had no knowledge of defendant's whereabouts. The court adjourned the trial for several hours to afford counsel the opportunity to determine whether defendant had a reason for not being present. When the trial reconvened at 2:00 P.M., defense counsel indicated that his efforts to locate defendant had been futile.

The court properly proceeded with the trial in defendant's absence. A defendant who voluntarily absents himself from the courtroom after trial has begun forfeits his right to be present regardless of whether he knew the trial would proceed in his absence. However, before the trial court may order the trial to proceed, it must inquire into the surrounding circumstances to determine that defendant's absence is deliberate (see, People v Brooks, 75 NY2d 898, 899, mot to amend remittitur granted 76 NY2d 746; People v Sanchez, 65 NY2d 436, 444). The court discharged its duty here.

We have examined defendant's remaining contentions and find them to lack merit. We decline to modify defendant's legal sentence in the interest of justice. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.