■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREA SIMMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, a private duty nurse's aide, was convicted of forcibly stealing a diamond ring from a patient at a nursing home where she was working. Supreme Court erred in permitting cross-examination of defendant concerning her prior drug abuse and her admittance to a drug treatment program. While a defendant who chooses to testify at trial may be cross-examined with respect to any immoral, vicious or criminal acts which have a bearing on her credibility as a witness, such questioning is impermissible when its purpose is to show a propensity to commit the offense for which the defendant is being tried *(People v Wright,* 41 NY2d 172, 175; *People v Duffy,* 36 NY2d 258, 262, *cert denied* 423 US 861; *People v Torres,* 119 AD2d 508, 509).

In reviewing this record, it is apparent that the prosecutor's cross-examination and his comments during summation impermissibly implied that defendant's drug addiction indicated a propensity to commit the crime charged *(see, People v Wright, supra; People v Balkum,* 149 AD2d 976; *People v Torres, supra; People v Hicks,* 102 AD2d 173, 182-183). Moreover, the prosecutor also violated the provisions of Mental Hygiene Law § 23.05 (a) which prohibit the introduction of evidence of a person's participation in a substance abuse program against such person in any action or proceeding in any court *(People v Torres, supra,* at 509-510; *People v Dowdell,* 88 AD2d 239). However, in view of the overwhelming evidence of guilt, we conclude that any error was harmless *(see, People v Crimmins,* 36 NY2d 230) and does not require reversal. The victim positively identified defendant, whom she knew from the nursing home, as the person who stole her ring. In addition, another employee, who was going to the victim's room in response to her screams, saw defendant leaving the room.

We have reviewed all other matters raised on appeal and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Robbery, 3rd Degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WADE, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err by proceeding with the trial in defendant's absence. Defendant, who was present for all the proof, did not appear on the date scheduled for

summations and the court's charge. The court made sufficient inquiry into the circumstances of defendant's absence, and the record supports the court's conclusion that defendant's failure to appear was deliberate *(see, People v Brooks,* 75 NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d 746; *People v Sanchez,* 65 NY2d 436; *People v Comfort,* 171 AD2d 1027). We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 2nd Degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HUNT, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following Memorandum: We reject defendant's contention that the prosecutor deprived defendant of a fair trial by misstating the testimony of two witnesses during his summation to the jury. The prosecutor's recitation of the testimony was substantially the same as that given by the witnesses. The judgment must be modified, however, by providing that the sentences on the burglary convictions run concurrently with the sentence on the conviction of felony murder. The two offenses were committed "through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; *see, People v Jones,* 69 AD2d 824). The sentences on the burglary convictions were, however, properly made to run consecutively to the conviction for intentional murder *(see, People v Evans,* 162 AD2d 702, *lv denied* 76 NY2d 856; *People v Ferkins,* 116 AD2d 760, *lv denied* 67 NY2d 942). The burglaries and the intentional murder arose out of separate acts and neither was committed by an act which constituted a material element of the other. The burglaries were complete when defendant entered the home with the intent to commit larceny therein. The murder was committed thereafter when the victim unexpectedly returned home and defendant intentionally caused her death. (Appeal from Judgment of Onondaga County Court, Mulroy, J. —Murder, 2nd Degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.

■ JOHN M. STEFANIE et al., Respondents, v CHARLOTTE A. HARVEY, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff failed to raise a genuine issue of fact regarding his contention that he suffered a "serious injury"