THIRD DEPARTMENT, AUGUST, 1985

(August 8, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GALVIN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 6, 1983, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree.

This case comes before us a second time. In our previous decision, we determined that the trial court erred in refusing to charge assault in the third degree as requested, thereby necessitating a new trial on the first count on the indictment (104 AD2d 527). The Court of Appeals modified this determination, agreeing with the dissenting memorandum of Justice Casey that there exists no reasonable view of the evidence to support the submission of assault in the third degree as a lesser charge under the first count of the indictment (65 NY2d 761). Accordingly, defendant's conviction of assault in the first degree was reinstated and the case was remitted to this court for consideration of those issues not previously reviewed, namely, the trial court's dismissal of a sworn juror and the excessiveness of the sentence.

Defendant maintains that the trial court erred by excusing a juror, a Mrs. Del Bello, who, after the jury was sworn and prior to the opening statements, indicated that she had seen a personal friend sitting with defendant's grandmother in the courtroom. Del Bello explained that she knew both women from church and would "feel certain pressure" continuing under the circumstances. When questioned by defense counsel as to whether she could render a fair and impartial verdict, she stated: "I feel I could, but in some ways I feel pressurized of the results of what I might do or say afterwards. I don't want anybody coming back and saying this girl knows somebody or she had some connection with the defendant in any way. * * * I would find it very difficult. I feel very torn in two." Upon further inquiry by the trial court, Del Bello confirmed that it would be more difficult to proceed and that she would prefer not to serve. She was then dismissed over defense counsel's objection, and the first alternate juror was substituted.

Given this scenario, we cannot agree that defendant's constitutional and statutory rights to trial by jury were violated by the removal of Del Bello as a juror. A sworn juror may be discharged when shown to be "grossly unqualified" (CPL 270.35). This statutory standard is met when "it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v West*, 92 AD2d 620, 622 [Mahoney, P. J., dissenting], *revd* 62 NY2d 708; *People v Meyer*, 78 AD2d 662, 664). Unlike the two jurors in *People v West* (*supra*), Del Bello was unable to "unhesitatingly" confirm her ability to render a fair and impartial verdict despite the pressure she felt. Indeed, the record demonstrates that she was distraught and preferred to be relieved of her duties. It is also of some importance that these revelations were made prior to the opening statements. Under these circumstances, we conclude that the trial court properly dismissed the juror as "grossly unqualified".

Finally, in view of the severity of the assault and the serious injuries incurred by the victim, we cannot say that the trial court abused its discretion in sentencing defendant to an indeterminate prison term of 5 to 15 years, which was within the statutory guideline (Penal Law § 70.02 [2] [a]; [3] [b]; [4]).

Judgment convicting defendant of the crime of assault in the first degree affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.