OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed.
Defendant has been convicted of robbery, second degree, *899 resulting from an incident in which he struck a laundromat attendant in the nose and stole a $5 bill from the attendant’s hand. Before trial commenced, the court informed defendant of his trial date, that he had a right to be present at trial and that the trial would proceed even if he was absent. Defendant was present during jury selection and during the first two days when evidence was submitted. At the end of the second day, the court announced that the trial would resume on the following day at 9:30 a.m. Defendant did not appear at the scheduled time, however, and at 10:07 a.m. the court proceeded in his absence. Counsel completed their summations and approximately 43 minutes after the trial resumed, during the court’s charge to the jury, defendant returned to the courtroom. The jury found defendant guilty as charged.
In People v Sanchez (65 NY2d 436), we considered five cases in which defendants failed to appear for trial. We held that defendants who deliberately absent themselves from the courtroom after trial has begun forfeit their right to be present regardless of whether they know the trial will continue in their absence. In each case we considered in Sanchez, the court had inquired into the surrounding circumstances and determined that the defendant’s absence was deliberate (see, People v Sanchez, supra; Taylor v United States, 414 US 17, 20). The record does not demonstrate the court did so here. Before proceeding in defendant’s absence, the court should have made inquiry and recited on the record the facts and reasons it relied upon in determining that defendant’s absence was deliberate (cf., People v Page, 72 NY2d 69, 73). By failing to do so and proceeding with summations and instructions to the jury in defendant’s absence, the court committed reversible error (see, People v Mehmedi, 69 NY2d 759).
Inasmuch as defendant has completed the sentence imposed upon him, the indictment is dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc. [See, 76 NY2d 746.]