■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SIMS, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J., at hearing, trial and sentence), rendered April 20, 1988, which convicted defendant, after jury trial, of criminal possession of a weapon in the third degree and sentenced him, as a persistent violent felony offender, to an indeterminate term of imprisonment of from 10 years to life, unanimously affirmed.

On Thanksgiving day, 1987, a New York City Assistant District Attorney (ADA) watched as defendant dropped and retrieved a handgun while riding a Manhattan-bound subway

train. After the train arrived in the Times Square station, the ADA summoned a Transit Authority police officer who radioed for help. Within minutes, defendant was searched and arrested for possession of an unlicensed handgun.

On appeal, defendant contends that the prosecutor vouched for his witnesses by stating that they had no reason to lie. He further argues that the sentence imposed by the court was unduly harsh considering defendant's efforts to rehabilitate himself.

Defendant's contentions are without merit. It is the right of counsel during summation " 'to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide' " *(People v Ashwal,* 39 NY2d 105, 109; *see, People v Colon,* 122 AD2d 150). Defendant first raised the issue of credibility at summation by stating that the ADA's testimony was not honest and that the ADA and the police were trying to frame him. Defense counsel pointed out inconsistencies in the testimony of the arresting officer and questioned the procedures followed in making the arrest. In response to these claims, the prosecutor commented upon the witnesses' credibility.

The prosecution is permitted to respond to such remarks by the defense, and the prosecutor's comments were proper responses to defendant's summation *(People v York,* 133 AD2d 130, 133, *lv denied* 70 NY2d 939). Additionally, of the remarks complained of, only one was preserved for appellate review by the raising of an objection at trial *(People v Medina,* 53 NY2d 951).

As to the appropriateness of sentence, defendant, as a persistent felony offender convicted of a class D felony, faced a minimum sentence ranging from 6 to 25 years and a maximum sentence of life imprisonment. The sentence imposed by the Trial Justice was in the lower end of this range *(People v Farrar,* 52 NY2d 302, 305-306; *People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951), and there is no basis upon which to disturb the exercise of the court's discretion. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.