■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY AMATO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered December 6, 1988, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find that, under the circumstances presented here, the court erred in proceeding with the trial in the defendant's absence. The defendant was present in the courtroom during the jury selection but failed to appear on the first day of his trial. Defense counsel informed the court that he had contacted the defendant's mother and was told that the defendant was on his way and "should be here momentarily". The defense counsel consented to proceeding with the court's preliminary instructions and opening statements in the defendant's absence. The defendant had not appeared when the trial recessed for lunch.

The defendant was present for the afternoon session although the parties dispute whether the court permitted the complaining witness to begin testifying prior to the defendant's arrival. The following morning, the defendant was not present in court at the time the trial was scheduled to resume. The defense counsel informed the court that the defendant "is on his way" and consented to proceed in his absence. The defendant arrived in court after the testimony of the complaining witness's physician was completed.

A defendant who deliberately absents himself from the courtroom after the trial has begun forfeits his right to be present (see, People v Sanchez, 65 NY2d 436). However, before proceeding in the defendant's absence, the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding. The failure to conduct such an inquiry constitutes reversible error (see, People v Brooks, 75 NY2d 898). Here the court made only a cursory inquiry as to the defendant's whereabouts, and the defense counsel's responses did not indicate that the defendant was deliberately absent. The defendant's right to be present at these particular stages of the trial was not waived by defense

counsel's consent to proceed, and there is no evidence that the defendant ratified his counsel's purported waiver *(see, People v Lopez,* 156 AD2d 476; *cf., People v Windley,* 134 AD2d 386).

In view of our determination, we do not reach the defendant's remaining contentions. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.