■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. WYNNE, Appellant.—Judgment unanimously af-

firmed. Memorandum: The People concede that defense counsel should have been advised of the date, time and place of defendant's psychiatric examination and that defendant was entitled to have counsel present at the examination *(see, People v Cerami,* 33 NY2d 243, 248, *rearg denied* 34 NY2d 755; *Matter of Lee v County Ct.,* 27 NY2d 432, 444, *cert denied* 404 US 823; *People v Perkins,* 166 AD2d 737, 739, *lv denied* 76 NY2d 1023).* The right to have counsel present at the examination was waived, however, because defense counsel failed to object to the lack of notice at the competency hearing *(see, People v Wood,* 64 AD2d 767, 767-768; *see also, People v Seiler,* 139 AD2d 832, 835, *lv denied* 72 NY2d 924).

Defendant failed to demonstrate a necessity for the proposed testimony of Dr. Ciccione or extraordinary circumstances warranting the requested allowance of $4000 to $5000 in expert witness fees *(see, People v Gallow,* 171 AD2d 1061, 1062, *lv denied* 77 NY2d 995).* Thus, the trial court properly denied defendant's request.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Genesee County Court, Morton, J.—Murder, 2nd Degree.) Present—Green, J. P., Balio, Lawton, Boehm and Doerr, JJ.