■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILLARD HILL, Appellant. [597 NYS2d 437] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 10, 1991, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

While the evidence adduced at trial was of sufficient quantity and quality to support the verdict, the issue of the defendant's guilt turned solely upon the credibility of the witnesses. The complainant testified that the defendant forcibly took his car at knifepoint. The defendant took the stand and alleged that the complainant regularly bought drugs from him, and that the complainant had given him his car as collateral for some drugs. The defendant alleged that the car was given to him several weeks before the alleged robbery. The defendant also called two witnesses, who testified that they had seen the defendant with the complainant's car more than one week before the alleged robbery.

In light of the jury's crucial evaluation of the witness' credibility, we agree with the defendant that several prejudicial errors committed during the trial constitute reversible error.

First, although the prosecutor was permitted to cross-examine the defendant about certain prior convictions, including a conviction for the criminal sale of a controlled substance, and although the defendant had made his drug-selling an issue at trial by arguing that the stolen property (a car) had been given to him by the complainant as collateral for a drug sale, the prosecutor's extensive cross examination questions and summation comments about the defendant's drug selling were clearly intended to show the defendant's criminal propensity, and, as such, were improper *(see, People v Wright,* 41 NY2d 172, 175; *People v Gunther,* 175 AD2d 262).

The prosecutor began his cross examination of the defendant by asking, "Mr. Hill, you are a drug dealer?" He went on to ask the defendant what kind of drugs he sold, how many times he sold drugs, whether he was part of an organization

or an "independent contractor", where he would get his drugs, whether he would "cook" the crack cocaine himself, where he would sell the drugs, whether people got shot selling drugs on certain corners, whether the defendant smoked crack cocaine, and whether selling drugs was profitable.

During summation, the prosecutor persisted in this improper conduct. He made numerous comments regarding the defendant's status as a drug dealer, which went well beyond any impeachment of the defendant's credibility. For example, he argued that the defendant "loads that crack into vials, he can probably do it real fast by now", and that "he got out [of jail] and starts selling crack right where he was before. Here a vial, there a vial, everywhere a vial, vial". The prosecutor went on to ask, "Why do people rob people? Because they get money for their personal gain and it doesn't matter who they hurt. Is there any profile that fits anybody—[other] than Mr. Hill".

The prosecutor also argued in summation that one of the defendant's witnesses, who had testified that she had seen the defendant driving the complainant's car more than one week before the alleged robbery, was not worthy of belief because she had not come forward sooner. However, the prosecutor failed to lay a proper foundation during the course of the trial for such an attack, for he failed to establish either that the witness had reason to recognize that she possessed exculpatory information, or that she was familiar with the means to make that information available to law enforcement authorities *(see, People v Dawson,* 50 NY2d 311, 321).

While not all of these errors were objected to at trial, we nevertheless feel compelled, under the circumstances of this case, to reach them in the exercise of our interest of justice jurisdiction *(see, People v Torriente,* 131 AD2d 793, 795). Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.