■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BARNES, Appellant. [633 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 13, 1993, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, a new trial is ordered on the count of the indictment charging the defendant with criminal possession of a weapon in the fourth degree, and the count of the indictment which charged the defendant with murder in the second degree is dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726).

The record reveals that the defendant was not present during the in camera discussion wherein the Assistant District Attorney advised the court that he recognized one of the prospective jurors and that he had attended the high school where the juror taught. In addition, although the record is replete with colloquy concerning the defense counsel's discussions with his client during the voir dire prior to this revelation, the record is conspicuously barren of any proof that defense counsel advised his client that the Assistant District Attorney recognized one of the jurors, that he consulted with his client after the in-chambers discussion, or that either the defendant or his counsel were questioned as to whether the jurors selected in that round were satisfactory to the defense.

A defendant has a fundamental right to be present at any material stage of a trial against him under the Federal and New York Constitutions *(see,* CPL 260.20; *see also, People v Velasco,* 77 NY2d 469), that is, where his absence would have a substantial effect on his ability to defend himself *(see, Snyder v Massachusetts,* 291 US 97, 105-106). This right cannot be waived by defense counsel absent ratification by the defendant *(see, People v Amato,* 172 AD2d 545).

Here, the defendant's lack of knowledge regarding the Assistant District Attorney's familiarity with the prospective juror clearly prejudiced the defendant by denying him a full and fair

opportunity to question this juror regarding any potential bias, to object to the selection of this juror, or to exercise a peremptory challenge to eliminate this juror.

In light of our determination, we need not reach the defendant's remaining contentions. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.