■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANYA DAVIS, Appellant. [683 NYS2d 276] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Leone, J.), rendered October 24, 1996, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as matter of discretion in the interest of justice, and a new trial is ordered.

The defendant appeals from a judgment convicting her of criminal sale of a controlled substance in the third degree on the ground that various conduct by the prosecutor deprived her of a fair trial. We agree and now reverse.

The defendant's trial and conviction arose from a single drug sale to an undercover police officer for which she apparently earned five dollars. However, the prosecutor, during his opening statement and summation, improperly appealed to the jury's fears and passions with regard to drug dealing. This improper tactic was exacerbated during summation when the prosecutor, without any evidentiary basis, suggested that the defendant was a major drug dealer who was "paid handsomely" for her crimes (*see, People v Hill,* 193 AD2d 619). Such appeals have been consistently condemned as improperly deflecting the jurors' attention from the issues of fact on the question of guilt

or innocence to that of achieving vengeance and protection for the community (*see, People v Kurtz,* 51 NY2d 380, *cert denied* 451 US 911; *People v Blackstock,* 184 AD2d 775; *People v Miller,* 149 AD2d 439; *People v DeJesus,* 137 AD2d 761). Further, during trial, the prosecutor, among other things, repeatedly elicited irrelevant and prejudicial testimony concerning the neighborhood in which the sale occurred, including, *inter alia,* the location of the nearest church and school, and whether there were children in the school yard. This testimony, which was emphasized during summation, served no legitimate purpose in advancing the prosecution of the case and, again, diverted the jury from objective deliberation upon the guilt or innocence of the defendant (*see, People v Bowie,* 200 AD2d 511; *People v Miller, supra*).

In light of, among other things, certain inconsistencies in the testimony of the police officers involved in the so-called "buy and bust" operation and the defendant's arguments concerning the defense of agency, the evidence presented at trial was not overwhelming and, therefore, the errors committed cannot be deemed harmless (*see, People v Crimmins,* 36 NY2d 230; *People v Blackstock, supra*). Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.