■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO CARRASCO, Appellant. [691 NYS2d 465] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered May 12, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court's determination to effectively declare a mistrial during jury selection and discharge the entire panel, including three sworn jurors, in order to begin jury selection anew was proper. Based on information provided by a prospective juror concerning premature discussions by various other members of the panel concerning the merits of the case, the court properly concluded that it was impossible to determine which prospective jurors had prejudged the case or been tainted by the conversation of those who had. Although the mistrial necessitated the excusal of sworn jurors, the appropriate standard of review is not the standard for replacement of jurors, but the standard for declaration of a mistrial prior to the completion of jury selection, which is whether, absent the mistrial, "the ends of public justice would otherwise be defeated" (*Matter of Brackley v Donnelly*, 53 AD2d 849, 850; *see also, People v Albarez,* 209 AD2d 186, *lv denied* 84 NY2d 1028).

After sufficient inquiry, the court properly found that a sworn juror was "grossly unqualified" when, following opening statements, the juror expressed repeated doubts that she could render a verdict based on the evidence as a result of her fear of retribution from defendant, a resident of her neighborhood, which was also the location of the arrest (CPL 270.35 [1]). Although some of the juror's responses expressed an ability to reach a fair verdict, the totality of her responses coupled with the court's evaluation of her frightened demeanor, as specifically described by the court on the record, supports the conclusion that she was grossly unqualified (*see, People v Buford*, 69 NY2d 290, 298-299; *People v Ocasio*, 258 AD2d 303; *People v Santana*, 221 AD2d 175, *lv denied* 87 NY2d 925).

We perceive no abuse of discretion in sentencing.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Nardelli, Lerner and Saxe, JJ.