■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR SANCHEZ, Appellant. [702 NYS2d 261] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered November 26, 1997, convicting defendant, after a jury trial, of murder in the first degree, two counts of murder in the second degree (intentional murder), and three counts of murder in the second degree (felony murder), and sentencing him to a term of life imprisonment without parole on the first-degree murder conviction, concurrent with two consecutive terms of 25 years to life on the intentional murder convictions and three consecutive terms of 25 years to life on the felony murder convictions, unanimously affirmed.

The trial record, taken together with the record of the reconstruction hearing, establishes that defendant knowingly, voluntarily and intelligently waived his right to be present at the voir dire sidebar conference in question (*see, People v Spot-*

*ford*, 85 NY2d 593, 599), in that, at the outset of jury selection, the court advised defendant, on the record, of his right to attend all sidebars, and defendant followed his counsel's advice that his attendance at sidebars while escorted to the bench by court officers would give the jurors an unfavorable impression.

To the extent that the prosecutor's summation improperly included references to matters not in evidence and matters calculated to evoke sympathy, these errors were harmless in light of the overwhelming evidence of defendant's guilt. The remaining challenged portions of the prosecutor's summation were fair comment on the evidence and proper responses to defendant's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Ellerin, J. P., Saxe, Buckley and Friedman, JJ.