■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR BAITY, Appellant. [713 NYS2d 862] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered February 3, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's claim that the court improperly discharged a sitting juror is unpreserved. The record establishes that defendant's counsel declined the court's offer of further inquiry into the juror's concerns and consented to her discharge. This was a tactical decision to be made by counsel rather than defendant (*see, People v Ferguson*, 67 NY2d 383, 390), and the ambiguous expression of dissatisfaction later made by defendant himself did not operate as a withdrawal of consent. Accordingly, this issue is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the juror was properly discharged, after sufficient inquiry. The juror's statements to the court carried the obvious implication that she was in fear of retribution by defendant, whom she believed to be a resident of her neighborhood, which was also the location of the arrest. Therefore, she was grossly unqualified to continue to serve (*see, People v Carrasco*, 262 AD2d 50, *lv denied* 93 NY2d 1015).

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Tom, Andrias, Buckley and Friedman, JJ.