■ The People of the State of New York, Respondent, v Tyrell Baum, Appellant. [863 NYS2d 672]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered December 5, 2006, convicting defen-

dant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of six years, unanimously affirmed.

After sufficient inquiry, the court properly discharged a sworn juror after she stated that she lived in the neighborhood where the crime and defendant's arrest occurred, and that she was worried that the possibility of encountering defendant would prevent her from rendering a fair verdict. Although the juror's responses were contradictory, the totality of her statements coupled with the court's evaluation of her worried demeanor, as specifically described by the court on the record, established that she was grossly unqualified (*see People v Wilson*, 295 AD2d 272 [2002], *lv denied* 98 NY2d 714 [2002]; *People v Carrasco*, 262 AD2d 50 [1999], *lv denied* 93 NY2d 1015 [1999]). Defendant's procedural claims concerning the trial court's resolution of this issue are without merit (*see People v Buford*, 69 NY2d 290, 298-299 [1987]).

The challenged portions of the prosecutor's summation do not warrant reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The prosecutor did not improperly vouch for the credibility of the police witnesses. Rather, the prosecutor's remarks were a proper response to defense counsel's credibility arguments (*see People v Sims*, 162 AD2d 384, 385 [1990], *lv denied* 76 NY2d 990 [1990]). However, the prosecutor improperly denigrated the integrity of defense counsel by stating that counsel was "speaking out of both sides of her mouth" during summation (*see People v LaPorte*, 306 AD2d 93, 95 [2003]). The prosecutor also improperly shifted the burden of proof to defendant by stating on two occasions that defense counsel "needed" the jury to believe that the People's witnesses were lying, thereby implying "that the jury was entitled to acquit only if it disbelieved the evidence actually presented" (*People v Levy*, 202 AD2d 242, 245 [1994]). Nevertheless, these improper remarks were isolated, and any error was harmless in light of the overwhelming evidence of defendant's guilt, which included the recovery of buy money from his person. Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.