■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEON TRAYLOR, Appellant. [904 NYS2d 473]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 8, 2008, convicting him of criminal sale of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly determined that the trial should proceed in his absence. A valid waiver of the right to be present at trial will be implied if the record reflects that the defendant is " 'aware that trial will proceed even though he or she fails to appear' " (*People v Spotford*, 85 NY2d 593, 599 [1995], quoting *People v Parker*, 57 NY2d 136, 141 [1982]; *see People v Brooks*, 308 AD2d 99, 104 [2003]). Moreover, a defendant may forfeit the right to be present at trial by deliberately absenting himself from the proceedings, regardless of whether he or she was informed that the trial would proceed in his or her absence (*see People v Brooks*, 308 AD2d at 104 [1990]; *see also People v Brooks*, 75 NY2d 898, 899 [1990]; *People v Sanchez*, 65 NY2d 436, 443-444 [1985]).

Here, the evidence adduced at a *Parker* hearing (*see People v Parker*, 57 NY2d 136 [1982]) that defense counsel advised the defendant that the trial court would consider proceeding with the trial in his absence, and that the defendant thereafter failed to appear for trial, supported a finding that the defendant impliedly waived his right to be present at trial. In any event, the record supports the trial court's determination that the defendant's absences on the date set for trial, and on a second trial date scheduled after his failure to appear, were deliberate (*see People v Marshall*, 35 AD3d 764, 764-765 [2006]) and that, therefore, his conduct indicated "a defiance of the processes of law sufficient to effect a forfeiture" (*People v Sanchez*, 65 NY2d at 444; *see People v Brooks*, 308 AD2d at 104).

The defendant's remaining contention is without merit. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.