■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. WILLIAMS, Appellant. [47 NYS3d 421]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Alfieri, J.), rendered March 8, 2012, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of four counts of criminal sale of a controlled substance in the third degree and four counts of criminal possession of a controlled substance in the third degree for selling to an undercover police officer and a confidential informant two bags of heroin each on July 15, 2010, and for selling to the same undercover officer and confidential informant another two bags of heroin each on July 16, 2010. Both drug transactions occurred on the same street in the City of Poughkeepsie and were recorded on videotape and audiotape.

Contrary to the defendant's contention, his right to a public trial was not violated by the temporary exclusion of members of the public from the courtroom owing to overcrowding, or the removal from the courtroom by court officers of two of the defendant's friends who were communicating with the defendant during the trial (*see People v Colon*, 71 NY2d 410, 416 [1988]; *People v Cosentino*, 198 AD2d 294, 295 [1993]).

Further, after the defendant absconded during the trial, the County Court properly continued the trial in his absence. Although a defendant has a fundamental right to be present at all material stages of his trial (*see People v Dokes*, 79 NY2d 656, 659 [1992]; CPL 260.20, 340.50), he may forfeit that right by deliberately absenting himself from the proceedings (*see*

*People v Brooks*, 75 NY2d 898, 899 [1990]; *People v Sanchez*, 65 NY2d 436, 443-444 [1985]). When a defendant is absent from the courtroom after trial has begun, the court should inquire and recite on the record the facts and reasons it relied upon in determining that the defendant's absence was deliberate before proceeding in the defendant's absence (*see People v Brooks*, 75 NY2d at 899). Here, the record supports the court's determination, made after an inquiry, that the defendant's absence at the time his trial reconvened was deliberate (*see People v Jenkins*, 45 AD3d 864, 865 [2007]; *People v Collins*, 29 AD3d 434, 434 [2006]; *People v Green*, 216 AD2d 581, 582 [1995]) and that, therefore, his conduct "unambiguously indicate[d] a defiance of the processes of law" sufficient to effect a forfeiture of his right to be present (*People v Sanchez*, 65 NY2d at 444; *see People v Fields*, 115 AD3d 673, 674-675 [2014]; *People v Traylor*, 74 AD3d 1251, 1252 [2010]; *cf. People v Lamb*, 235 AD2d 829, 829 [1997]).

After a "probing and tactful inquiry" (*People v Buford*, 69 NY2d 290, 299 [1987]), the County Court properly discharged a sworn juror who recognized a spectator in the courtroom as a long-time acquaintance. The totality of the juror's statements, including her statement that she could not be fair and impartial, coupled with the court's evaluation of her upset demeanor, described by the court on the record, established that she was grossly unqualified to continue to serve (*see* CPL 270.35 [1]; *People v Baum*, 54 AD3d 605, 605 [2008]; *People v Tisdale*, 270 AD3d 917 [2000]; *People v Carrasco*, 262 AD2d 50 [1999]; *People v Ocasio*, 258 AD2d 303 [1999]; *People v Galvin*, 112 AD2d 1090, 1090-1091 [1985]).

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is, for the most part, unpreserved for appellate review, since he failed to object to most of the remarks at issue (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Williams*, 123 AD3d 1152, 1154 [2014], *lv granted* 25 NY3d 1173 [2015]; *People v Martin*, 116 AD3d 981, 982 [2014]; *People v Stewart*, 89 AD3d 1044, 1045 [2011]). In any event, although some of the prosecutor's remarks improperly appealed to the jury's fears and passions with regard to drug dealing (*see People v Davis*, 256 AD2d 474, 474 [1998]; *People v Hill*, 193 AD2d 619 [1993]; *People v Odle*, 187 AD2d 536, 537 [1992]), they were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Forde*, 140 AD3d 1085, 1086 [2016]; *People v Thompson*, 125 AD3d 899, 900 [2015]; *People v Ward*, 106 AD3d 842 [2013]). Contrary to the defendant's further

contention, under the circumstances of this case, the prosecutor's highlighting of certain evidence admitted at the trial through the use of slides as visual aids during summation was not error (*see People v Santiago*, 22 NY3d 740, 750 [2014]; *People v Berry*, 110 AD3d 1002 [2013], *affd* 27 NY3d 10 [2016]; *People v Tiro*, 100 AD3d 663 [2012]).

The sentence imposed was not excessive.

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.