People v Baynes (2018 NY Slip Op 04557)





People v Baynes


2018 NY Slip Op 04557


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-01381
 (Ind. No. 8102/13)

[*1]The People of the State of New York, respondent,
v
Lynell Baynes, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered February 17, 2015, convicting her of attempted assault in the first degree, criminal possession of a weapon in the second degree, false personation, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in trying her in absentia. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions" (People v Parker, 57 NY2d 136, 139; see People v Johnson, 154 AD3d 777; People v Paige, 134 AD3d 1048, 1052). However, a defendant "may forfeit that right by deliberately absenting himself [or herself] from the proceedings" (People v Williams, 147 AD3d 983, 983; see People v Sanchez, 65 NY2d 436, 443-444; People v Fields, 115 AD3d 673, 674-675). "A valid waiver of the right to be present at trial will be implied if the record reflects that the defendant is aware that trial will proceed even though he or she fails to appear" (People v Traylor, 74 AD3d 1251, 1252 [internal quotation marks omitted]; see People v Spotford, 85 NY2d 593, 599; People v Parker, 57 NY2d at 141; People v Brooks, 308 AD2d 99, 104). "[B]efore proceeding in the defendant's absence, the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding" (People v Amato, 172 AD2d 545, 545; see People v Redzeposki, 7 NY3d 725, 726; People v Brooks, 75 NY2d 898, 899; People v Williams, 147 AD3d at 984). Even where a court has determined that a defendant, by not appearing after being apprised of the right and the consequences of nonappearance, has waived the right to be present at trial, "trial in absentia is not thereby automatically authorized" (People v Parker, 57 NY2d at 142; see People v June, 116 AD3d 1094, 1095). "Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear" (People v Parker, 57 NY2d at 142; see People v Johnson, 154 AD3d 777; People v Major, 68 AD3d 1244, 1245).
Here, the Supreme Court informed the defendant of her right to be present at trial, and [*2]that, if she failed to appear, and such failure were deemed deliberate, she could be tried, convicted, and sentenced in absentia. The court therefore properly concluded that, by nevertheless choosing to absent herself from the proceedings, the defendant had waived her right to be present at trial (see People v Spotford, 85 NY2d at 599; People v Parker, 57 NY2d at 141; People v Traylor, 74 AD3d at 1252; People v Brooks, 308 AD2d at 104). Moreover, the record shows that the court satisfied its obligation to consider "all appropriate factors" before proceeding to trial in the defendant's absence (People v Parker, 57 NY2d at 142). At the Parker hearing, the People established that diligent efforts had been made to locate the defendant, without success. Accordingly, the court providently exercised its discretion in proceeding with jury selection and trying the defendant in absentia (see People v James, 19 AD3d 615; People v Hernandez, 251 AD2d 597; People v Nance, 175 AD2d 185).
As the defendant correctly concedes, her challenge to the admission into evidence of a mug shot and wanted poster is unpreserved for appellate review (see CPL 470.05[1]), and we decline to reach it in the exercise of our interest of justice jurisdiction. Moreover, viewing counsel's performance in its totality, any failure to object to such admission did not deprive the defendant of meaningful representation (see People v Blake, 24 NY3d 78, 81; People v Sandoval, 141 AD3d 621, 621-622; People v Summerville, 138 AD3d 897; People v Diallo, 132 AD3d 1010, 1010-1011).
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court