People v Ramos (2020 NY Slip Op 00306)





People v Ramos


2020 NY Slip Op 00306


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-04633
 (Ind. No. 8455/13)

[*1]The People of the State of New York, respondent,
v
Juan Ramos, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered March 30, 2016, as amended April 4, 2016, convicting him of murder in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was charged with murder in the second degree and assault in the second degree in connection with a stabbing incident in Brooklyn. Prior to trial, the Supreme Court warned the defendant, orally and in writing, that if he deliberately absented himself from the courtroom during the course of the trial, he would forfeit the right "[t]o be present at [his] trial, which [could] start and/or continue in [his] absence," and the right "[t]o testify on [his] own behalf." The defendant attended the first three days of trial. On the third day, he requested an adjournment so that he could rest prior to testifying. The defendant's request was initially denied. However, after the People rested their case late on the third day of trial, the court acceded to the defendant's request that he be permitted to testify the next morning.
The defendant did not appear in court on the fourth day of trial. The Supreme Court conducted a Parker hearing (see People v Parker, 57 NY2d 136), at which a witness testified that the defendant had fallen in the detention center transport area that morning, and while a doctor had subsequently cleared the defendant to attend the trial, the defendant lay back down on the floor and refused transport to the courthouse. The court noted that the foregoing actions were in keeping with the defendant's prior gamesmanship throughout the trial. The court subsequently determined that the defendant's absence was willful, and that the trial would continue while he was absent. Thereafter, the jury convicted the defendant of murder in the second degree and assault in the second degree.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in conducting a portion of the trial while he was absent. " A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions'" (People v Baynes, 162 AD3d 897, 897, quoting People v Parker, 57 NY2d at 139). [*2]"However, a defendant may forfeit that right by deliberately absenting himself [or herself] from the proceedings'" (People v Baynes, 162 AD3d at 897, quoting People v Williams, 147 AD3d 983, 983). "A valid waiver of the right to be present at trial will be implied if the record reflects that the defendant is aware that trial will proceed even though he or she fails to appear" (People v Traylor, 74 AD3d 1251, 1252 [internal quotation marks omitted]; see People v Spotford, 85 NY2d 593, 599; People v Parker, 57 NY2d at 141; People v Brooks, 308 AD2d 99, 104). Moreover, a " waiver of the right to be present at a criminal trial may be inferred from certain conduct engaged in by the defendant after the trial has commenced'" (People v Paige, 134 AD3d 1048, 1052, quoting People v Parker, 57 NY2d at 139; see People v Johnson, 37 NY2d 778, 779; People v Epps, 37 NY2d 343, 350-351). " [A] defendant who engages in disruptive behavior during a trial may be held to have, in effect, waived his [or her] right to be present'" (People v Paige, 134 AD3d at 1052, quoting People v Connor, 137 AD2d 546, 549).
"However, before proceeding in the defendant's absence, the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding. The failure to conduct such an inquiry constitutes reversible error" (People v Amato, 172 AD2d 545, 545; see People v Redzeposki, 7 NY3d 725, 726; People v Brooks, 75 NY2d 898, 899; People v Williams, 147 AD3d at 984). "[E]ven after the court has determined that a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial in absentia is not thereby automatically authorized" (People v Parker, 57 NY2d at 142 [emphasis omitted]). "Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that [the] defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear" (id.; see People v Baynes, 162 AD3d at 897-898).
Here, the record reflects that the Supreme Court informed the defendant of his rights to be present at trial and to testify, and further advised him that if he deliberately failed to appear, he could be tried, convicted, and sentenced in absentia. We agree with the court's conclusion that by engaging in a persistent course of conduct, which included disrupting the proceedings, repeatedly changing his position regarding his need for a Spanish language interpreter, making a motion for new counsel during jury selection without specifying the reason current counsel was inadequate, and choosing to absent himself from the proceedings after requesting and being granted an adjournment so that he could rest, the defendant waived his right to be present at trial (see People v Spotford, 85 NY2d at 599; People v Parker, 57 NY2d at 141; People v Traylor, 74 AD3d at 1252) and his right to testify (see Taylor v United States, 414 US 17, 19-20; People v Menner, 2 AD3d 650). Moreover, the record shows that the court satisfied its obligation to consider the appropriate factors before proceeding with the trial in the defendant's absence (see People v Parker, 57 NY2d at 142).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court