People v Forrest (2020 NY Slip Op 04963)





People v Forrest


2020 NY Slip Op 04963


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2015-12472
 (Ind. No. 1722/13)

[*1]The People of the State of New York, respondent,
v
Horatio M. Forrest, appellant.


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William J. O'Brien, J.), rendered November 23, 2015, as amended December 3, 2015, convicting him of robbery in the first degree (two counts), robbery in the second degree (three counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Jerald S. Carter, J.), of the suppression of identification evidence.
ORDERED that the judgment, as amended, is affirmed.
The record here demonstrates that the police had probable cause to arrest the defendant (see People v Hosannah, 178 AD3d 1074, 1075; People v Williams, 160 AD3d 665, 666).
"Showup procedures are permissible even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive'" (People v Hosannah, 178 AD3d at 1075, quoting People v Johnson, 104 AD3d 705, 705). "Here, the hearing testimony of the police officers demonstrated that the showup procedures occurred in close spatial and temporal proximity to the commission of the crimes for the purpose of securing a prompt and reliable identification" (People v Hosannah, 178 AD3d at 1075; see People v Santana, 159 AD3d 926, 927; People v Santiago, 132 AD3d 1015, 1016). "Further, contrary to the defendant's contention, the possibility that the eyewitnesses may have overheard the police radio transmissions regarding the defendant's arrest did not render the showup procedures unduly suggestive. Notably, two of the eyewitnesses testified that they did not hear the actual content of the transmissions. And, while the third eyewitness testified that he overheard that the individuals being detained had been found wearing sunglasses, the hearing testimony established that the defendant was not wearing sunglasses at the time of the showup" (People v Hosannah, 178 AD3d at 1075; see People v Huerta, 141 AD3d 602, 603). "The showup procedures also were not rendered unduly suggestive simply because the eyewitnesses knew that the police had a suspect in custody" (People v Hosannah, 178 AD3d at 1075; see People v Baez, 175 AD3d 553; People v Bartlett, 137 AD3d 806; People v Charles, 110 AD3d 1094, 109).
"In any event, as the Supreme Court found, the eyewitnesses' observations of the defendant during the robberies gave them an independent source upon which to make their in-court [*2]identifications" (People v Hosannah, 178 AD3d at 1076; see People v Currie, 117 AD3d 1074, 1075; People v Henderson, 170 AD2d 532, 533; People v Clark, 155 AD2d 548).
The Supreme Court did not improvidently exercise its discretion in adopting the results of a CPL 730.30 competency report. We agree with the court that it retained the authority to reappoint the defendant's counsel, who had been relieved, for the limited purpose of representing the defendant at the competency examination. We note that, although a defendant has a right to have counsel present at a CPL 730.30 competency examination, this right may be waived (see People v Wynne, 185 AD2d 711, 712). Moreover, the role of counsel at a competency examination is limited to observation and, as the trial court observed, is de minimus in nature (see People v Perkins, 166 AD2d 737, 739). The record shows that neither the defendant's first counsel, nor his second counsel, raised any challenge at the time the court adopted the competency report in finding that the defendant was competent; indeed, the defendant himself stated that he was competent to proceed to trial. Moreover, the court did not improvidently exercise its discretion in denying counsel's request for a second CPL 730.30 examination of the defendant. " The court was entitled to give weight to the findings and conclusions of the defendant's most recent competency examination, which found him fit to proceed, and to its own observations of the defendant'" (People v King, 171 AD3d 1217, 1217, quoting People v Soto, 23 AD3d 586, 586; see People v Kinard, 96 AD3d 976, 977).
Despite the defendant's contentions to the contrary, the Supreme Court did not improvidently exercise its discretion in denying the application of the defendant's second counsel to be relieved due to a breakdown in communication. Although a breakdown in communication would normally constitute good cause, the court reasonably found that the application lacked good cause given the nature of the defendant's stance with respect to the trial and the prosecution of the case, which would cause an inability to communicate meaningfully with any assigned counsel (see People v Mack, 23 AD3d 220, 221).
Moreover, we agree with the Supreme Court that the defendant voluntarily and knowingly absented himself from the trial, and thereby waived his right to be present at the trial. " A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions'" (People v Baynes, 162 AD3d 897, 897, quoting People v Parker, 57 NY2d 136, 139). "However, a defendant may forfeit that right by deliberately absenting himself [or herself] from the proceedings'" (People v Baynes, 162 AD3d at 897, quoting People v Williams, 147 AD3d 983, 983). "A valid waiver of the right to be present at trial will be implied if the record reflects that the defendant is aware that trial will proceed even though he or she fails to appear" (People v Traylor, 74 AD3d 1251, 1252 [internal quotation marks omitted]; see People v Spotford, 85 NY2d 593, 599; People v Parker, 57 NY2d at 141; People v Ramos, 179 AD3d 842, 843). Furthermore, a " waiver of the right to be present at a criminal trial may be inferred from certain conduct engaged in by the defendant after the trial has commenced'" (People v Paige, 134 AD3d 1048, 1052, quoting People v Parker, 57 NY2d at 139; see People v Johnson, 37 NY2d 778, 779; People v Epps, 37 NY2d 343, 350-351; People v Ramos, 179 AD3d at 843). Before proceeding in the defendant's absence, the court fulfilled its obligation " to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding'" (People v Ramos, 179 AD3d at 843, quoting People v Amato, 172 AD2d 545, 545; see People v Redzeposki, 7 NY3d 725, 726; People v Brooks, 75 NY2d 898, 899, amended 76 NY2d 746; People v Williams, 147 AD3d at 984), and "exercise[d] its sound discretion upon consideration of all appropriate factors" (People v Ramos, 179 AD3d at 843; see People v Baynes, 162 AD3d at 897-898).
Contrary to the defendant's contentions, the failure of the Supreme Court to deliver an adverse inference charge with regard to personal property that the police had returned to the complainants in violation of Penal Law § 450.10(1), or to preclude any evidence of that personal property, did not constitute reversible error (see Penal Law § 450.10; People v Reyes, 27 AD3d 584; People v Harris, 23 AD3d 580, 581). No adverse inference charge was warranted because the People demonstrated that the statutory violation had not caused the defendant prejudice, and the defendant failed to show that the statutory violation had caused him such undue prejudice as to warrant the preclusion of testimony (see Penal Law § 450.10[10]; People v Reyes, 27 AD3d 584; [*3]People v Harris, 23 AD3d at 581).
The defendant's related claim that he was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712).
The defendant's remaining contentions do not require reversal.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court