People v Chandler (2025 NY Slip Op 02350)

People v Chandler

2025 NY Slip Op 02350

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2018-07934
 (Ind. No. 4901/16)

[*1]The People of the State of New York, respondent,
v
Christopher Chandler, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Maria Park of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered June 4, 2018, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in connection with the shooting death of an individual in an apartment building in Brooklyn on April 21, 2016. The People's evidence included the testimony of the defendant's then girlfriend that the defendant admitted that he "did it" and the identification of the defendant on the building's video surveillance.
The defendant's contention that the Supreme Court improperly denied defense counsel's request for a circumstantial evidence charge is without merit, since the case against him consisted of both direct and circumstantial evidence (see People v Daddona, 81 NY2d 990, 992; People v Louisias, 29 AD3d 1017, 1018).
The defendant's challenge to certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, the prosecutor's remarks during summation, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760) or were fair response to defense counsel's comments during summation (see People v Clark, 222 AD2d 446; People v Vaughn, 209 AD2d 459). Although the prosecutor attempted to impermissibly shift the burden of proof during summation, the Supreme Court immediately sustained defense counsel's objection, and the curative instructions provided by the court alleviated any prejudice that may have resulted from the prosecutor's improper remark (see People v Ramsey, 48 AD3d 709, 710). Moreover, any impropriety in the prosecutor's remarks was "not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394). Furthermore, defense counsel's failure to object to most of the remarks did not constitute ineffective assistance of counsel (see People v Chunn, 181 AD3d 706, 707-708).
The defendant's contention that the Supreme Court should not have sentenced him in absentia is without merit. A defendant's right to be present at a criminal trial and sentencing is encompassed within the confrontation clauses of the State and Federal Constitutions (see People v Parker, 57 NY2d 136, 139; People v Baynes, 162 AD3d 897, 897). "However, a defendant 'may forfeit that right by deliberately absenting himself [or herself] from the proceedings'" (People v Baynes, 162 AD3d at 897, quoting People v Williams, 147 AD3d 983, 983). "A valid waiver of the right to be present at trial will be implied if the record reflects that the defendant is aware that trial will proceed even though he or she fails to appear" (People v Traylor, 74 AD3d 1251, 1252 [internal quotation marks omitted]; see People v Spotford, 85 NY2d 593, 599; People v Parker, 57 NY2d at 141; People v Ramos, 179 AD3d 842, 843). Here, the sentencing minutes reflect that the defendant made a "knowing, voluntary and intelligent decision" to waive his right to be present at sentencing (People v Corley, 67 NY2d 105, 110). Before proceeding in the defendant's absence, the court fulfilled its obligation "'to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding'" (People v Ramos, 179 AD3d at 843, quoting People v Amato, 172 AD2d 545, 545), and "exercise[d] its sound discretion upon consideration of all appropriate factors" (id. at 843 [internal quotation marks omitted]).
Under the circumstances of this case, the defendant was not denied the effective assistance of counsel due to defense counsel's failure to make a statement on his behalf at sentencing (see People v Williams, 97 AD2d 599, 600).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court