■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD THOMPSON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 19, 1982, upon a verdict convicting defendant of the crime of burglary in the third degree. In November, 1981, defendant was indicted for burglary in the third degree (Penal Law, § 140.20) stemming from an alleged entry into Izzy's Pub in the City of Albany on October 19, 1981. Following a hearing, the court refused to suppress certain testimony regarding a show-up identification, as well as oral statements made by defendant. The Trial Judge also advised defendant to "be available for trial within the next week or two at the latest". Defendant did not appear for trial on February 4, 1982. At this time, defense counsel advised the court that a secretary in the Public Defender's office had personally notified defendant Tuesday evening that he was scheduled to appear for trial the next morning and requested defendant to show up at the Public Defender's office at 9:30 A.M. on Wednesday. Despite these instructions, defendant failed to appear at the appointed place or at the courthouse. Defense counsel further advised the court

that members of defendant's household indicated that "he left yesterday". On this basis, the trial court determined that defendant had freely and voluntarily waived his right to appear at trial. A bench warrant was issued, the trial commenced immediately, and defendant was convicted of third degree burglary. Thereafter, he was sentenced as a predicate felon to an indeterminate term of imprisonment of three and one-half to seven years. This appeal ensued. Initially, we reject defendant's contention that the evidence was legally insufficient to establish guilt. Having been convicted upon jury trial, the evidence is to be viewed in a light most favorable to the People (*People v Lipsky*, 57 NY2d 560, 563). Here, the jury could reasonably have inferred an intent to commit a larceny based upon the circumstances of the entry and defendant's behavior when observed and confronted by the police (*People v Mackey*, 49 NY2d 274, 278-281). Although defendant raises several other challenges to the judgment below — including the trial court's failure to charge criminal trespass in the third degree as a lesser included offense, and its failure to suppress statements made by defendant to a police officer before *Miranda* warnings were given, as well as certain identification testimony — we focus on the issue of whether the court erred by trying defendant *in absentia*. In *People v Parker* (57 NY2d 136), the Court of Appeals recently concluded that a "trial court's factual finding of voluntary absence from court on the day scheduled for [his] appearance is alone insufficient as a matter of law to establish an implicit waiver of defendant's right to be present at trial so as to permit the court to try defendant *in absentia*" (*id.* at p 139). The court further emphasized that the right to be present at trial was of a fundamental constitutional nature and that any waiver thereof must be tested according to constitutional standards (*id.* at p 140). At a very minimum, to effect a voluntary, knowing and intelligent waiver, a defendant must be informed of his right to be present at trial and the consequences of his failure to appear. In essence, a defendant must realize that the trial will proceed regardless of whether he or she appears. As in *Parker*, the present record is devoid of any evidence demonstrating that defendant was in any manner notified or cognizant that his trial would proceed in his absence, nor did the trial court attempt to make such a determination. The lesson in *Parker* is fully applicable to the factual circumstances presented. The mere fact of disappearance, even where defendant was informed of the scheduled appearance date, does not constitute a knowing waiver of his right to be present if he was not advised that the trial would proceed without him. Moreover, even assuming a valid waiver, a trial *in absentia* is not automatically authorized, but requires a careful balancing of several pertinent factors "including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear (see *United States v Peterson*, 524 F2d 167)" (*id.* at p 142). Here, there is no indication that the trial court balanced any of these factors. Moreover, the fact that trial was commenced immediately after issuance of a bench warrant demonstrates only a minimal effort to locate defendant prior to trial. Under all these circumstances, we conclude it was improper to try defendant *in absentia*. The People's arguments to the contrary are not persuasive. As noted above, the right to be present at trial is of a fundamental constitutional nature and thus defense counsel's failure to object to proceeding without defendant present does not preclude appellate review (*People v Patterson*, 39 NY2d 288, 295-296, affd 432 US 197). Moreover, *Parker* may be applied retroactively to cases pending on direct appeal. Factors to be considered in determining a question of retroactive application include "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the

old standards, and (c) the effect on the administration of justice of a retroactive application of the new standard" (*Desist v United States,* 394 US 244, 249; *People v Pepper,* 53 NY2d 213, 220, cert den 454 US 967). The rule in *Parker* is based upon preserving a right of constitutional dimension. Clearly, the right to be present at trial and confront one's accuser is not insignificant and speaks to the very integrity of the fact-finding process. It is further apparent that retroactive application of *Parker* would not unduly burden the administration of justice (compare *De Stefano v Woods,* 392 US 631), and the People have not argued undue reliance. Nor, for that matter, may the People claim surprise, for the present waiver standards were foreshadowed by previous decisions of the Court of Appeals in *People v Epps* (37 NY2d 343, cert den 423 US 999) and *People v Johnson* (37 NY2d 778), (*People v Parker, supra,* pp 139-140). In our view, the *Parker* standard may appropriately be applied in the instant case (see *People v Pepper, supra*). Accordingly, the judgment should be reversed and the matter remitted for a new trial. Having so determined, we need not reach defendant's remaining contentions. Judgment reversed, on the law, and matter remitted for a new trial. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.