(June 6, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT E. COOPER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered February 29, 1988, upon a verdict convicting defendant of the crime of burglary in the second degree.

In the spring and early summer of 1987, Anthony Gance and Judy Gance, owners of a restaurant and motel complex in the Village of Endicott, Broome County, noticed money and other property missing from their residence and restaurant. The police were contacted and informed that defendant, who resided in a room of the Gances' motel, was suspected of committing the theft. On July 3, 1987 detectives, after receiving defendant's oral consent to search his apartment, found $800 in cash along with styrofoam imprints of keys and blank keys. Defendant stated that the $800 was his pay from his employment with Singer-Link and that Anthony Gance (hereinafter Gance) had requested that he make some extra keys. Defendant accompanied the detectives to the police station where he waived his *Miranda* rights and gave a written signed statement. Thereafter, further investigation disclosed that defendant had access to the Gances' keys and that there had been no forced entry into their home. This information, coupled with the disclosure that defendant had not worked for Singer-Link since 1974, prompted defendant's arrest on July 7, 1987.

On July 8, 1987, Gance and one of his employees checked defendant's room for a water leak and discovered gift certificates, room keys and deposits for restaurant parties, property normally in the possession and control of the Gances. A search warrant for defendant's apartment was obtained the following day. The search uncovered a car key, a returned check from the Gances' motel and a credit slip for waitresses' tips from the Gances' restaurant.

Defendant was indicted for two counts of burglary in the second degree. After his motion to suppress was denied, defendant was tried in absentia when he failed to appear for trial. Defendant was convicted of burglary in the second degree and sentenced as a second felony offender to an indeterminate term of imprisonment of 5 to 10 years. This appeal ensued.

First addressing defendant's contention that he was improperly tried in absentia, we note that the validity of a waiver of the fundamental constitutional right to be present at a criminal trial must be tested by constitutional standards. Accordingly, in order to effect a knowing, voluntary and intelligent waiver, a defendant must be informed of the nature of his right to be present and the consequences of his failing to

appear for trial *(see, People v Parker,* 57 NY2d 136, 141-142). Here, the record is clear that County Court informed defendant of the trial date on two occasions and warned defendant of the consequences of his absence at trial. County Court also emphasized the difficulty in rescheduling the trial. Moreover, four days prior to trial County Court issued a bench warrant at the request of defendant's counsel but the police were unable to find defendant. We therefore conclude that defendant knowingly, voluntarily and intelligently relinquished his known right to be present at his trial *(see, supra).* Defendant's reliance on *People v Thompson* (94 AD2d 898), a decision of this court, is misplaced. In *Thompson,* as in *People v Parker (supra),* the record is devoid of any evidence demonstrating that the defendant was in any manner notified that his trial would proceed in his absence.

Next, we disagree with defendant's contention that the evidence obtained from his room on July 8 and July 9, 1987 was seized in violation of his constitutional rights and should be suppressed. As previously noted, Gance and his employee, in searching for a water leak in defendant's room on July 8, 1987, observed material normally located in the motel office and informed the police, who, pursuant to a valid search warrant, took possession of the property. It is well established that the constitutional protection against unlawful searches and seizures does not apply to searches conducted by private citizens *(see, People v Horman,* 22 NY2d 378, 381, *cert denied* 393 US 1057). While such constitutional protections are applicable when the police are actively involved *(see, People v Ponto,* 103 AD2d 573), nothing in the record indicates that Gance was "acting either at the direction of or in cooperation with the police" at the time of the search *(People v Haile M.,* 160 AD2d 1027, 1028, *lv denied* 76 NY2d 860). Here the search was conducted independently by Gance and his employee and the police became involved only subsequent to that search when a detective went to defendant's room in response to an instruction on his car radio. Gance asked the detective to enter defendant's apartment and showed him the evidence that he and his employee had found during their search. The detective merely took possession of the property and refused to search any further until a search warrant was issued. The police involvement was extremely limited and failed to raise any constitutional concerns.

Finally, since defendant was a second felony offender and intentionally left the court's jurisdiction to avoid trial, we conclude that the sentence imposed, which was less than the

maximum allowable, was well within the County Court's discretion.

Casey, Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.