■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT SMILEY, Appellant. [607 NYS2d 101] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered June 17, 1992, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

A jury found the defendant guilty of burglary in the third degree for breaking into a Bay Shore delicatessen in the early morning hours of October 26, 1990, and stealing approximately $300 and some cartons of cigarettes. Although there were no eyewitnesses to the burglary, the circumstantial evidence of the defendant's fingerprint, which was lifted from a loose pack of cigarettes left lying on the floor of the delicatessen, connected him with the crime. The owner of the delicatessen had mopped the floors and placed all the packs and cartons of cigarettes in their proper places in the rack before closing the premises at 9:00 P.M. the previous evening. Thus, the jury could have reached the reasonable conclusion that the defendant had dropped this pack of cigarettes during the course of the burglary *(see, People v Minore,* 110 AD2d 661).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, we reverse the judgment of conviction and order a new trial because the trial court proceeded in the defendant's absence without allowing a reasonable period of time to locate him *(see, People v Parker,* 57 NY2d 136, 142). Although we note that the defendant had been advised during a pretrial bail application proceeding more than one year before trial that the trial would proceed in his absence if he failed to appear, this was insufficient under *Parker* to automatically try him in absentia. It was particularly inappropriate in this case because the defendant had never been absent before, the defense counsel had informed the court that the defendant's parents believed he was on his way to court, and the defendant actually appeared within 20 minutes of the trial's commencement, stating that he had experienced transportation problems.

Finally, we note that the court's pretrial *Sandoval* ruling permitting cross-examination into only two of the defendant's five prior convictions, but not into the underlying facts thereof, was proper. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.