■ The People of the State of New York, Respondent, v Joseph E. Lamb, Appellant. [653 NYS2d 395] —Casey, J. Appeal from a judgment of the County Court of Albany County (Teresi, J.), rendered October 18, 1994, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

Despite having received pretrial *Parker* warnings (*see, People v Parker*, 57 NY2d 136), and despite notice to defense counsel that defendant's trial could occur on 24 hours' notice, defendant traveled to Florida and was unable to return in time to appear on the morning of the first day of trial. After learning that defendant was en route and would appear later that morning or early in the afternoon, County Court proceeded with jury selection. Defense counsel did not object to the commencement of jury selection in defendant's absence and defendant voiced no objection when he subsequently appeared for the remainder of the trial. Defendant now contends on appeal that he was deprived of his right to be present at trial when jury selection commenced in his absence. The People contend that he waived his right.

Defendant's fundamental right to be personally present at trial, as guaranteed by CPL 260.20, extends to the impaneling of the jury (*see, People v Antommarchi*, 80 NY2d 247, 250). In cases where a defendant appears for trial and thereafter deliberately fails to return to court, the trial may continue in the defendant's absence despite the lack of warnings that the trial could continue in his or her absence, because the defendant's conduct unambiguously indicates a defiance of the processes of law, resulting in a forfeiture of the right to be present (*see, People v Sanchez*, 65 NY2d 436, 443-444). Before continuing the trial in a defendant's absence, however, the trial court must make an inquiry and recite on the record the facts and reasons it relied upon in determining that the defendant's failure to return to court after trial had commenced was deliberate (*see, People v Brooks*, 75 NY2d 898, 899, *amended* 76 NY2d 746).

A different analysis is required where, as here, a defendant fails to appear on the date scheduled for trial, for such conduct does not unambiguously indicate a defiance of the processes of law sufficient to effect a forfeiture (*see, People v Sanchez, supra,* at 444). In these circumstances, a waiver analysis is required and no waiver will be implied in the absence of any evidence that a defendant was ever apprised or otherwise aware that trial would proceed in his or her absence (*see, People v Parker, supra,* at 140-141). Defendant herein was warned about the consequences of his failure to appear for trial and defense

counsel was advised that defendant's trial could occur on 24 hours' notice. In such circumstances, we are of the view that an implied waiver could be found on the basis of defendant's voluntary decision to travel to Florida (*see, People v English*, 186 AD2d 1022, *lv denied* 81 NY2d 788). Waiver alone, however, is not sufficient to satisfy the mandate of CPL 260.20. "We consider it appropriate to emphasize that even after the court has determined that a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial *in absentia* is not thereby automatically authorized. Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear (see *United States v Peterson*, 524 F2d 167). In most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial *in absentia* unless, of course, the prosecution can demonstrate that such a course of action would be totally futile." (*People v Parker, supra*, at 142.)

The record does not demonstrate that County Court considered any of the appropriate factors. Also absent from the record is the court's reason for proceeding with jury selection despite being informed that defendant was en route and would appear later that morning or early in the afternoon. Thus, we conclude that even if defendant waived the right to be present at trial by failing to appear after receiving appropriate warnings, County Court's failure to comply with the applicable post-waiver requirements (*see, People v Parker, supra*, at 142) constituted reversible error (*see, People v Ramos*, 207 AD2d 810; *People v Smiley*, 200 AD2d 777, 778; *cf., People v McCullough*, 209 AD2d 965). As the error concerns the fundamental right conferred by CPL 260.20, defendant's failure to object is not fatal to his claim (*compare, People v Dokes*, 79 NY2d 656, 662, *with People v Robles*, 86 NY2d 763, 765; *see, People v Antommarchi*, 80 NY2d 247, 250, *supra*).

As a new trial is required, we will consider defendant's claim that County Court erred in denying his suppression motion. According to defendant, all of the evidence seized as the result of the stop of the vehicle he was driving, including his statement and the results of a breathalyzer test, should have been suppressed. There is, however, ample evidence that the arresting officer stopped defendant's vehicle because he observed the commission of a traffic offense (*see,* Vehicle and Traffic Law § 1128 [a] [which requires drivers to operate their vehicles

within a single lane]) and the stop was not a mere pretext to investigate defendant for an unrelated matter (*see, People v Ynoa*, 223 AD2d 975, 977, *lv denied* 87 NY2d 1027).

The police officer's observations of defendant's physical condition justified defendant's further detention for the limited purpose of investigating whether he was operating his vehicle under the influence of alcohol, including the inquiry which resulted in defendant's statement made prior to his arrest (*see, People v Noonan*, 220 AD2d 811, 812-813). The prosecution met its burden of proving the legality of the police conduct and, therefore, defendant's suppression motion was properly denied. We see no need to discuss the remainder of defendant's arguments.

Mercure, J. P., Crew III and Carpinello, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. In the unique situation presented by this appeal, I believe a remittal is called for.

The trial commenced the morning of Monday, September 19, 1994. Appearances were noted and, before jury selection commenced, defense counsel agreed to waive the full record with respect to jury selection. County Court then stated, "And when your client arrives, which I understand will be later this morning, will you discuss with him whether or not he will agree to waive his attendance at the side bar conferences?" After defense counsel agreed, counsel and the court discussed the need for a *Sandoval* hearing. The People propounded a potential compromise which prompted the response that the "defense has no problem stipulating to the Sandoval compromise". Thereafter, the court requested that counsel advise whether anything further needed to be attended to prior to the commencement of trial. The People stated, "Well, we have that other situation to address, but I would think we would have to wait for [defendant] to address it out of the presence of the jury."

After preliminary remarks were made by County Court, it advised the jury panel that defendant "is on his way here this morning. He comes from out of state in Florida so he is not here for him to turn around and say good morning to you, but he will be here later this morning or by early afternoon." When defendant appeared after lunch, he waived his appearance at side-bar conferences yet engaged in no further conversation concerning his failure to attend jury selection. Even when defense counsel propounded her motion to dismiss, no grounds for dismissal were based upon defendant's absence during jury selection.

Although the trial record does not specifically reflect that defendant affirmatively waived his right to be present during jury selection or how jury selection came to commence without the presence of defendant, affidavits filed in this Court by defendant and his attorney, in support of an order of recognizance or bail subsequent to conviction, are enlightening. According to defense counsel, upon receiving a telephone call from defendant at 6:00 P.M. on Sunday, September 18, 1994, she informed him of the trial scheduled for Monday and advised him to catch the next flight to Albany. She asserted that the earliest flight defendant could secure was on the following day, Monday, September 19, 1994, which flight was scheduled to arrive at 11:35 A.M. Counsel represented, and defendant confirmed, that they kept in contact regarding his delayed arrival.

Unlike *People v Brooks* (75 NY2d 898, *amended* 76 NY2d 746), where the trial court failed to make inquiry and recite on the record the reasons why the defendant was not in attendance here County Court was well aware that defendant was traveling to the courthouse and was expected to arrive that afternoon. The court even advised the jury panel of his expected late arrival. Since an express waiver of defendant's presence is not contained in the record, notwithstanding frequent acknowledgements of his absence and scheduled afternoon appearance, I find that the ambiguity surrounding the circumstances under which the court and counsel proceeded in his absence, coupled with defendant's failure to object upon his arrival or at any point subsequent thereto (*see, People v Foust*, 180 AD2d 814, *lv denied* 79 NY2d 1049; *People v Peterson*, 151 AD2d 512), warrants a remittal to County Court for a hearing on the issue of whether defendant affirmatively waived his right to be present at the impaneling of the jury (*see generally, People v Boomer*, 220 AD2d 833, 837; *People v Neely*, 219 AD2d 444, 446-447, *lv denied* 88 NY2d 1023; *People v Morgan*, 200 AD2d 856; *People v Restifo*, 44 AD2d 870).* For these reasons, all other contentions should be held in abeyance.

Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.

---

* The author of respondent's brief also advises this Court that he "was told by the trial ADA * * * and by Judge Teresi that defendant's attorney * * * did advise Judge Teresi that defendant told her they could proceed in his absence". Of course, this representation is dehors the record.