■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES O. SUMNER, Appellant. [681 NYS2d 611] —Cardona, P. J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered August 21, 1996, upon a verdict convicting defendant of the crime of rape in the first degree.

In April 1994, defendant was indicted for rape in the first degree and endangering the welfare of a child. At his arraignment on April 13, 1994, defendant was asked to sign a *Parker* admonishment (*People v Parker*, 57 NY2d 136) and was told by County Court that it "says in so many words if you don't show up we're going to go on without you". Asked if he understood, defendant replied that he did. After signing the *Parker* admonishment defendant was released on bail. When defendant failed to appear for a pretrial hearing on August 10, 1994, a bench warrant was issued. In April 1996, County Court conducted a *Parker* hearing and concluded that defendant waived his right to be present at trial and the trial should proceed in his absence. Thereafter, in June 1996, defendant was tried in absentia and found guilty of rape in the first degree. Another bench warrant was issued and his sentencing was scheduled for August 7, 1996. On August 21, 1996, defendant was sentenced in absentia to a prison term of 8⅓ to 25 years. Defendant was subsequently apprehended in Texas, waived extradition and returned to New York. On September 13, 1996, he appeared in County Court for execution of the sentence previously imposed. Defendant appeals.

The sole issue herein is whether defendant was deprived of his constitutional and statutory right to be present at his trial (*see*, US Const 6th Amend; NY Const, art I, § 6; CPL 260.20). First, it is settled law that no waiver of defendant's right to be personally present at trial may be implied without evidence that he was aware that a trial would proceed in his absence (*see*, *People v Parker*, *supra*, at 140-141; *People v Lamb*, 235 AD2d 829). Here, the *Parker* admonishment, together with County Court's verbal warning, clearly informed defendant that the trial and sentencing could go forward in absentia if he failed to appear in court when required. Under the circumstances, County Court did not abuse its discretion when it concluded that defendant waived his right to be present at trial by his failure to appear.

Our analysis, however, does not end with a finding of a valid waiver, for that alone does not authorize a trial in absentia (*see*, *People v Parker*, *supra*, at 142; *People v Lamb*, *supra*, at

830). Rather, it must also appear from the record that County Court considered the appropriate factors including, *inter alia*, the possibility of locating defendant within a reasonable period of time (*see, People v Parker, supra*, at 142; *see also, United States v Peterson*, 524 F2d 167, *cert denied* 423 US 1088) before it exercised its discretion to try defendant in absentia. Contrary to defendant's claim, the record shows that reasonable efforts were made to locate him. Two bench warrants were issued. The police went to defendant's previous address, contacted his former employer, obtained a forwarding address for defendant's mail and visited that address. They contacted and questioned defendant's sister and informed her about the arrest warrant. The police entered defendant's name and identifying information on State and nation-wide crime information networks. They checked motor vehicle registries to determine if defendant or his wife had been issued a driver's license in another State, ran a trace on the vehicle identification number for defendant's vehicle and checked various leads as a result of that trace.

Under such circumstances, we cannot say that County Court abused its discretion by proceeding with the trial in absentia since a further adjournment pending execution of the bench warrant would not likely result in locating defendant within a reasonable period of time (*see, People v Parker, supra*, at 142; *People v Lamb, supra*, at 830). The fact that the People discovered defendant's whereabouts through his sister's subpoenaed telephone records shortly after the sentencing does not diminish the reasonableness of their previous efforts.

White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.