(December 10, 2009)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER MAJOR, Appellant. [890 NYS2d 186]—

Rose, J.

Defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree for selling cocaine to a confidential informant on two occasions. At his jury trial, defendant was in attendance until the day that the jury was to be charged, when he failed to reappear. County Court continued the trial without him and the jury convicted him as charged. Defendant also was absent when the court sentenced him to two consecutive terms of 10 to 20 years in prison.

Defendant contends on appeal that County Court erred in concluding the trial and imposing sentence in his absence. We cannot agree. While a defendant's right to be present at every material stage of a trial is well established (*see People v Roman*, 88 NY2d 18, 26 [1996]; *People v Abdullah*, 28 AD3d 940, 941 [2006], *lvs denied* 7 NY3d 784 [2006]), it may be waived (*see e.g. People v Vargas*, 88 NY2d 363, 375-376 [1996]; *People v Beverly*, 6 AD3d 874, 875 [2004], *lv denied* 3 NY3d 637 [2004]). For there to be such a waiver, however, it must be shown that the defendant was informed of the right to be present at the proceedings and of the consequences for failing to appear, including the fact that the proceedings would go forward in his or her absence (*see People v Parker*, 57 NY2d 136, 141 [1982]; *People v Stroman*, 6 AD3d 818, 819 [2004], *lv denied* 3 NY3d 648 [2004]). In addition, before proceeding with sentencing in the defendant's absence, "the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time" (*People v Parker*, 57 NY2d at 142). The record convinces us that these standards were satisfied here.

On at least three occasions prior to defendant's absence, County Court clearly and unequivocally informed him of his right to be present and warned that, if he failed to appear in court when required, the trial and, if he were to be found guilty, the imposition of sentence would be conducted in his absence. When defendant, who had been released on bail and attended all prior proceedings accompanied by his mother, failed to appear at the time set for final instructions to the jury, neither his counsel nor his mother was able to explain his absence. County Court then adjourned the trial for three days from Friday morning to the following Monday morning to afford defendant's counsel, his mother and the People an opportunity to investigate his absence. County Court also directed that inquiries be made to several police agencies and hospitals, and issued a warrant for defendant's arrest. None of those efforts shed any light on defendant's whereabouts. Before resuming the trial, County Court also considered the likelihood that defendant would be located, the impact of delaying the trial at such a late stage and the inconvenience to the jury (*see People v Parker*, 57 NY2d at 142; *People v Stroman*, 6 AD3d at 819; *People v Thompson*, 306 AD2d 758, 760 [2003], *lv denied* 1 NY3d 581 [2003]).

Defendant also argues that he did not receive the effective assistance of counsel because his counsel failed to seek exclusion of the evidence showing that he had been found to be in possession of a large sum of money. We disagree. Since defendant was

charged with more than one sale of cocaine and the money used in purchases by the confidential informant was found mixed with the other funds (*see People v Martin*, 163 AD2d 491 [1990]), a motion to exclude this evidence likely would have been unsuccessful (*see People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]). Inasmuch as defendant's counsel otherwise made appropriate motions, engaged in thorough cross-examination of the People's witnesses and presented a coherent defense in challenging the credibility of the informant, defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Scanlon*, 52 AD3d 1035, 1040 [2008], *lv denied* 11 NY3d 741 [2008]).

Defendant's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be without merit.

Peters, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.