Peters, P.J.
Appeal from a judgment of the Supreme Court (Lament, J.), rendered July 17, 2012 in Albany County, upon a verdict convicting defendant of the crime of robbery in the second degree (two counts).
Following his indictment, defendant signed a Parker admonishment and was released on bail. Various proceedings were thereafter conducted and, at a court appearance held three days before the trial was scheduled to commence, defendant was again informed that, if he failed to appear, trial could proceed in his absence. When he did not appear on the morning of trial, Supreme Court concluded that defendant waived his right to be present at trial and proceeded to jury selection. Defendant was thereafter tried in absentia and found guilty of two counts of *1095 robbery in the second degree. After unsuccessfully moving to set aside the verdict on the ground that Supreme Court should not have proceeded with the trial in absentia, defendant was sentenced to a term of imprisonment.
Of the various arguments raised by defendant on appeal, we find merit to his claim that Supreme Court erred in conducting the trial in his absence. “A defendant’s right to be present in the courtroom during his or her trial is one of the most basic rights guaranteed by the Federal and New York Constitutions, and by statute” (People v Mitchell, 69 AD3d 761, 761 [2010], lv denied 14 NY3d 803 [2010] [citations omitted]; see US Const 6th Amend; NY Const, art I, § 6; CPU 260.20, 340.50). Even where, as here, “a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial in absentia is not thereby automatically authorized” (People v Parker, 57 NY2d 136, 142 [1982]; see People v Sumner, 254 AD2d 537, 537 [1998]; People v Lamb, 235 AD2d 829, 830 [1997]). Rather, it must also appear from the record that the trial court considered “all appropriate factors” before proceeding in defendant’s absence, “including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling [the] trial and the chance that evidence will be lost or witnesses will disappear” (People v Parker, 57 NY2d at 142; see People v Major, 68 AD3d 1244, 1245 [2009], lv denied 14 NY3d 772 [2010]; People v Sumner, 254 AD2d at 537; see also People v Brooks, 75 NY2d 898, 899 [1990], amended 76 NY2d 746 [1990]). As the Court of Appeals has instructed, “[i]n most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial in absentia unless, of course, the prosecution can demonstrate that such a course of action would be totally futile” (People v Parker, 57 NY2d at 142).
Here, the record fails to demonstrate that Supreme Court considered any of the appropriate factors. When defendant failed to appear on the morning that trial was scheduled to commence, defense counsel represented to the court that he had no information as to defendant’s whereabouts and requested an adjournment. Supreme Court declined to grant an adjournment, issued a bench warrant for defendant’s arrest and pronounced its decision to proceed immediately to trial. In so doing, the court noted only that defendant had been warned that the trial would go forward in his absence if he failed to appear, and that to delay the proceeding “would be tantamount to tearing up the *1096 Parker admonishment.’’* There is no indication that Supreme Court considered the likelihood that defendant could be located within a reasonable period of time or any difficulties attendant to delaying the trial pending execution of the bench warrant (see People v Edmonds, 151 AD2d 829, 830-831 [1989]; People v Thompson, 94 AD2d 898, 899 [1983]; compare People v Major, 68 AD3d at 1245; People v Lakatosz, 59 AD3d 813, 815 [2009], lv denied 12 NY3d 917 [2009]). Notably, defendant had timely appeared for every prior court proceeding (see People v Smiley, 200 AD2d 777, 778 [1994]; compare People v Quinones, 74 AD3d 494, 494 [2010], lv denied 15 NY3d 808 [2010]; People v Webb, 236 AD2d 872, 872-873 [1997], lv denied 90 NY2d 865 [1997]; People v Almonte, 210 AD2d 911, 911-912 [1994], lv denied 85 NY2d 859 [1995]), and “the fact that trial was commenced immediately after issuance of a bench warrant demonstrates only a minimal effort to locate defendant prior to trial” (People v Thompson, 94 AD2d at 899; see People v Carter, 51 AD3d 1139, 1140-1141 [2008] [finding that County Court improperly sentenced the defendant in absentia just one hour after the time set for his appearance without first taking any reasonable measures to secure his attendance]; compare People v Major, 68 AD3d at 1245; People v Johnson, 262 AD2d 155, 156 [1999], lv denied 94 NY2d 798 [1999]; People v Sumner, 254 AD2d at 537; People v Delvalle, 167 AD2d 661, 661 [1990], lv denied 77 NY2d 837 [1991]). Under these circumstances, it was error for Supreme Court to proceed with defendant’s trial, and his convictions must therefore be reversed.
Stein, McCarthy and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.

 The parties were instructed to appear at 9:30 a.m. The aforementioned colloquy began at 10:41 a.m. At 10:47 a.m., Supreme Court rendered its decision to proceed with the trial in defendant’s absence and, after resolving several pretrial issues and a 14-minute recess, jury selection began at 11:38 a.m.