Rumsey, J.,
 

 Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered August 6, 2014, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.
 

 In October 2012, the State Police obtained a search warrant for defendant’s residence in the Town of Sullivan, Madison County. While troopers were on defendant’s property for the purpose of executing the warrant, a vehicle operated by defendant’s girlfriend, Dawn Moyer, was seen entering and, shortly thereafter, attempting to leave the property. The troopers stopped the vehicle and searched it while it was on defendant’s property and seized numerous firearms that, in part, were the basis for the instant charges. As the vehicle was being searched, defendant exited his residence and spoke with the troopers present, stating that the weapons found in Moyer’s vehicle belonged to him. The troopers then executed the warrant and searched defendant’s residence, with defendant present, where additional weapons were seized. Defendant was taken into custody and later gave a written statement admitting that he had been in possession of the weapons seized.
 

 Defendant subsequently was indicted and charged with one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and two counts of criminal possession of a weapon in the fourth degree and was released on $5,000 cash bail. Following a hearing, County Court denied defendant’s motion to suppress the firearms and his statements. Upon a jury trial, for which he did not appear, defendant was convicted as charged and was sentenced to concurrent prison terms of five years for the criminal possession of a weapon in the second degree conviction, 2V2 to 5 years for the criminal possession of a weapon in the third degree conviction and one year for the criminal possession of a weapon in the fourth degree conviction, followed by five years of postrelease supervision. Defendant now appeals.
 

 We agree that County Court erred in conducting defendant’s trial in his absence. A defendant has a constitutional and a statutory right to be present at his or her trial (see US Const 6th Amend; NY Const, art I, § 6; CPL 260.20; People v Parker, 57 NY2d 136, 139 [1982]; People v June, 116 AD3d 1094, 1095 [2014]; People v Sumner, 254 AD2d 537, 537 [1998]). “Although the right to be present at a criminal trial may be waived, the right is of a fundamental constitutional nature and therefore the validity of any waiver including one which could be implied, must be tested according to constitutional standards” (People v Parker, 57 NY2d at 140). “In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial. This, of course, in turn requires that [the] defendant simply be aware that trial will proceed even though he or she fails to appear” (id. at 141 [citations omitted]).
 

 Defendant was properly admonished of his right to be present at trial and the consequences of failing to appear by County Court. In this regard, the court advised defendant at arraignment that it had jurisdiction to conduct any scheduled proceedings whether he was present and that he would be bound by the outcome of any proceedings conducted in his absence upon his failure to appear (see People v Edmonds, 151 AD2d 829, 829-830 [1989], citing People v Parker, 57 NY2d at 141). We also conclude that the record supports County Court’s determination that defendant had been notified of the trial date by his counsel. Defendant’s counsel received notice that the trial was scheduled to commence on May 5, 2014 prior to his last meeting with defendant in early April 2014, and County Court found, in open court without objection or contradiction from defendant’s counsel, that counsel had notified defendant of the trial date.
 

 Defendant did not appear for trial. “Even where, as here, ‘a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial in absentia is not thereby automatically authorized.’ Rather, it must also appear from the record that the trial court considered ‘all appropriate factors’ before proceeding in [the] defendant’s absence, ‘including the possibility that [the] defendant could be located within a reasonable period of time, the difficulty of rescheduling the trial and the chance that evidence will be lost or witnesses will disappear.’ As the Court of Appeals has instructed, ‘in most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial in absentia unless, of course, the prosecution can demonstrate that such a course of action would be totally futile’ ” (People v June, 116 AD3d at 1095, quoting People v Parker, 57 NY2d at 142 [brackets, italics and citations omitted]).
 

 At a pretrial conference held on April 30, 2014, defendant’s counsel moved to withdraw because defendant had not communicated with him during the preceding three weeks. The motion was denied, and County Court, inferring that circumstances suggested that defendant might not appear for trial, issued a bench warrant for defendant’s arrest and scheduled a Parker hearing for Friday, May 2, 2014. The bench warrant was forwarded to State Police Investigator James Martin, who had been involved in the investigation and arrest of defendant. At the Parker hearing, Martin testified that after receiving the bench warrant, he conducted surveillance at several locations, including defendant’s residence, the latter of which he found had been cleared of all furniture and personal possessions. Martin also testified that he had been told by tenants at the property that defendant had stated that he was leaving for Texas, where he had arranged employment, and directed that rent be paid to his nephew. Martin also interviewed defendant’s estranged wife, Gloria Atkins, who stated her belief that defendant had left the state. Defendant’s counsel objected to the hearsay nature of these statements, but the objection was overruled on the basis that such statements were received, not for their truth, but to show what additional investigative actions Martin had taken in response thereto. On cross-examination, Martin admitted that he could not say that continued efforts to find defendant would be totally futile.
 

 When defendant failed to appear for the scheduled trial on Monday, May 5, 2014, the Parker hearing was continued, and Martin testified that his subsequent efforts to locate defendant were limited to approximately one hour of additional investigation conducted on the preceding Friday afternoon because he had had the weekend off. At the conclusion of the Parker hearing, County Court found that the evidence established that defendant had absconded and that there was no reason to postpone the trial; hence, the matter proceeded immediately to trial.
 

 In making its determination to try defendant in absentia, County Court improperly considered the hearsay statements made by the individuals interviewed by Martin as direct evidence of defendant’s unavailability. Moreover, the record demonstrates that County Court failed to properly consider the appropriate factors. The fact that the trial commenced only five days after issuance of the bench warrant — two of which were weekend days during which no active effort was made to locate defendant — “demonstrates only a minimal effort to locate defendant prior to trial” (People v June, 116 AD3d at 1096 [internal quotation marks and citation omitted]), and no consideration was given to the likelihood that defendant could be located within a reasonable period of time (cf. People v Stroman, 6 AD3d 818, 819 [2004], lv denied 3 NY3d 648 [2004]; People v Sumner, 254 AD2d at 537; People v Delvalle, 167 AD2d 661, 661 [1990], lv denied 77 NY2d 837 [1991]). The record contains no evidence that any difficulty would result from rescheduling the trial, and there was little chance that an adjournment would cause evidence to be lost or witnesses to disappear because the primary witnesses were law enforcement officers and the evidence included defendant’s admission to possession of the firearms that were seized. There also was no proof that further efforts to locate defendant would have been futile. In short, there was no reason not to take the “simple expedient” of adjourning the trial pending execution of the bench warrant (People v Parker, 57 NY2d at 142). Thus, it was error for County Court to proceed with defendant’s trial, and the judgment of conviction must be reversed and the matter remitted for a new trial.
 

 Although our remittal renders defendant’s remaining contentions academic, in light of the need for a new trial, we address defendant’s argument that County Court erred in denying his suppression motion. In that regard, defendant first contends that the search warrant was invalid because it did not describe the premises to be searched with sufficient particularity. The investigation commenced after Atkins contacted Martin and told him that defendant, whom she' knew to be a felon, was in possession of several firearms at the property they jointly owned. Several buildings were located on the property, including a two-story principal residence, a building described as a barn, a smaller garage and a shed. Atkins stated that defendant had rented the principal residence to a third party and resided in the barn. The search warrant authorized the search of “the entire barn building” located on the property. Defendant contends that the search warrant was invalid because he occupied only one of the two dwelling units located within the barn building.
 

 “Generally, a warrant to search a subunit of a multiple occupancy structure is void if it fails to describe the subunit to be searched and only describes the larger structure” (People v Henley, 135 AD2d 1136, 1136 [1987] [citations omitted], lv denied 71 NY2d 897 [1988]; see People v Cook, 108 AD3d 1107, 1108 [2013], lv denied 21 NY3d 1073 [2013]). However, “if the police make a factual mistake and describe a place to be searched in broader terms than appropriate, the validity of the warrant turns on the information available to them when they acted” (People v Otero, 177 AD2d 284, 285 [1991], lv denied 79 NY2d 862 [1992]; see People v Diaz, 11 AD3d 476, 477 [2004], lv denied 3 NY3d 756 [2004]).
 

 Martin completed an investigation prior to seeking the warrant. Although Martin noticed that there were two separate entrance doors to the barn, he had no other information suggesting that the building contained two dwelling units or that anyone other than defendant occupied the building. Atkins, who represented that she had regular access to the property, accurately reported that the principal dwelling was rented to a third party, but did not report that there were two dwelling units in the barn or that there were tenants at the property other than those residing in the principal residence. There were three active electricity accounts at the address — one in defendant’s name, one in Atkins’s name and one in the name of a third party, whom Martin reasonably concluded was the tenant of the principal residence. There was only one mailbox, which bore only defendant’s name. In conducting surveillance over a three-day period, Martin saw a gray pick-up truck fitting the description of one titled to defendant parked near the barn building, but did not observe any persons in the vicinity of the barn. In light of the facts known to Martin when he obtained the warrant, we conclude that it was not rendered invalid by the subsequent discovery that the barn building contained two dwelling units.
 

 Defendant also sought to suppress evidence of the firearms seized from Moyer’s vehicle when it was searched while it was on his property solely on the basis that police lacked the authority to be upon his property because the search warrant was invalid. Defendant conceded that he otherwise lacked standing to challenge the search of Moyer’s vehicle. Thus, in light of our determination that County Court was correct in finding that the search warrant was valid, we conclude that there is no basis for suppressing the firearms seized upon a search of Moyer’s vehicle.
 

 Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.
 

 Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Madison County for a new trial.