People v Kerley (2018 NY Slip Op 03781)





People v Kerley


2018 NY Slip Op 03781


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

109427

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JONATHAN KERLEY, Appellant.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal, by permission, from an order of the County Court of Schenectady County (Sypniewski, J.), entered May 3, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of driving while intoxicated, without a hearing.
In 1995, defendant waived indictment and pleaded guilty to felony driving while intoxicated as charged in a superior court information. Pursuant to the plea agreement, which also satisfied another pending charge, defendant was promised a sentence of six months in jail followed by five years of probation. County Court (Feldstein, J.) continued defendant's release on bail pending sentencing and advised him that, if he failed to appear for the scheduled sentencing, he could be
sentenced in his absence. Sentencing was thereafter adjourned at defendant's request and, when he failed to appear at the rescheduled sentencing date in May 1995, a bench warrant was issued. When defendant again failed to appear for the next scheduled sentencing date on July 7, 1995, County Court (Scarano, J.) sentenced defendant in absentia to an enhanced prison term of 1 to 3 years. Defendant did not appeal and remained at large until he was arrested on the bench warrant apparently in early 2017. Defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), claiming, among other things, that his guilty plea was not [*2]knowing, voluntary and intelligent and that the enhanced sentence was not lawfully imposed [FN1]. The People opposed the motion. County Court (Sypniewski, J.) denied the motion and remanded defendant on the 1995 sentence. Defendant now appeals, by permission, from the denial of his CPL article 440 motion.
We affirm. CPL 440.10 (2) (c) provides that a motion to vacate a judgment of conviction must be denied where, "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period" (CPL 440.10 [2] [c]). In moving to vacate, defendant challenged his guilty plea as involuntary on the ground that County Court (Feldstein, J.) did not adequately advise him of the consequences of failing to appear for sentencing or that he could be sentenced to a prison term in absentia. However, "sufficient facts appear on the record" to have permitted review of this issue on direct appeal (CPL 440.10 [2] [c]), and defendant offers no legitimate justification for his failure to appeal from the judgment of conviction. Consequently, "this issue is . . . not the proper subject of a postverdict motion to vacate" (People v Darrell, 145 AD3d 1316, 1320 [2016], lv denied 29 NY3d 1125 [2017]). Moreover, this claim is belied by the record, which reflects that, during the plea colloquy, defendant was explicitly advised of the maximum potential prison sentence that he faced and that, if he failed to appear for sentencing, the court "reserve[d] the right to proceed with sentencing in [his] absence and to uphold any sentence, up to the maximum allowed by the law." As this claim is "contradicted by [the] court record" (CPL 440.30 [4] [d]), the motion was providently denied on this basis.
Likewise, defendant's challenge to the adequacy of County Court's (Scarano, J.) inquiry prior to sentencing him in absentia was reviewable on direct appeal (see CPL 440.10 [2] [c]) and, further, is contradicted by the record on appeal (see CPL 440.30 [4] [d]). To that end, the record [*3]establishes that defendant's right to be present at sentencing (see CPL 380.40 [1]) was waived by his failure to appear on two scheduled sentencing dates, after being advised during the plea proceedings that, if he failed to appear, he could be sentenced in his absence (see People v Brown, 101 AD3d 1267, 1268 [2012], lv denied 21 NY3d 1014 [2013], cert denied ___ US ___, 132 S Ct 938 [2014]; see also People v Rossborough, 27 NY3d 485, 488 [2016]). To the extent that defendant's motion is premised upon the argument that the court failed to consider all of the appropriate factors before proceeding to sentence him in absentia, the record would have permitted review of this claim on direct appeal (see CPL 440.10 [2] [c]; People v Atkins, 154 AD3d 1064, 1065-1068 [2017], lv dismissed 31 NY3d 981 [2018]). After defendant failed to appear at the May 1995 adjourned sentencing, defense counsel sent a letter by registered mail to defendant's address advising him that he had missed the sentencing and should contact counsel immediately; counsel received a return receipt indicating that the letter had been received, but counsel had not heard from defendant since then and was unaware of his whereabouts. In June 1995, counsel sent defendant a copy of a letter from the court indicating that he had to be in court for sentencing, and also left a phone message advising him to contact counsel immediately and that sentencing would occur on July 7, 1995. Defendant again failed to appear on the rescheduled sentencing date, and counsel relayed his efforts to contact defendant and indicated that he had not heard from him and did not know his whereabouts. County Court concluded that defense counsel had exercised due diligence in repeatedly attempting to locate defendant and proceeded to sentence him in absentia. As the record reflects that the court inquired into the circumstances of defendant's failure to appear (see People v Parker, 57 NY2d 136, 142 [1982]; People v Rodman, 104 AD3d 1186, 1187 [2013], lv denied 22 NY3d 1202 [2014]; cf. People v Atkins, 154 AD3d at 1067-1068; People v June, 116 AD3d 1094, 1095-1096 [2014]), directly contradicting his claim to the contrary on this motion, the denial of his motion was proper (see CPL 440.30 [4] [d]).
Finally, defendant argues that his conviction should be vacated because defense counsel failed to advise him that he could be sentenced in absentia to an enhanced prison term, which constituted ineffective assistance of counsel. While this claim was properly raised in a motion to vacate as it relies in part on matters outside the record that would have been unavailable on direct appeal (see CPL 440.10 [1] [h]; People v Taylor, 156 AD3d 86, 90-92 [2017], lv denied 30 NY3d 1120 [2018]), the motion was properly denied as the allegations do not constitute a legal basis for the motion (see CPL 440.30 [4] [a]). In this regard, the law requires that, "[i]n order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner" of the consequences of failing to appear for sentencing (People v Parker, 57 NY2d at 141 [emphasis added]; accord People v Atkins, 154 AD3d at 1065-1066). Even if defendant's allegation is credited, the record establishes that he was both apprised by County Court (Feldstein, J.) and aware that sentencing would proceed in his absence, and there is no requirement that defense counsel be the one who provides this advisement [FN2]. Defendant's contentions addressed to the delay in enforcing his sentence were not raised in his motion to vacate and will not be considered for the first time on appeal. We have considered defendant's [*4]remaining contentions and find no basis upon which to disturb the denial of his motion to vacate.
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: When defendant filed his initial motion to vacate in February 2017, the minutes of the 1995 plea proceedings were apparently missing and unavailable because the stenographer was unavailable. When the plea minutes thereafter became available, defendant filed a second motion to vacate in March 2017. County Court initially accepted the first motion due to the unavailability of the plea transcript but, in its decision, appears to have addressed only the second motion to vacate, which relies primarily upon the plea transcript. It is not clear from the record that the transcript was requested by or unavailable to defendant for purposes of a direct appeal in 1995, or that defendant ever requested a reconstruction hearing or other relief from the trial court (see generally People v Bethune, 29 NY3d 539, 541-542 [2017]; People v Parris, 4 NY3d 41, 44, 46-48 [2004]). While County Court recognized that, due to the availability of the plea transcript, "there is no longer a basis for [a] CPL article 440 motion," it nonetheless proceeded to address defendant's arguments. It bears emphasis that CPL 440.10 should not be "employed as a substitute for direct appeal when defendant was in a position to raise an issue on appeal (CPL 440.10 [2] [b]) or could readily have raised it on appeal but failed to do so" (People v Cooks, 67 NY2d 100, 103 [1986], citing CPL 440.10 [2] [c]).

Footnote 2: Likewise, the fact that defense counsel was not familiar with the phrase "Parker warnings" was immaterial, as counsel understood the required content of the warnings, indicating that he was not certain that defendant had been advised about the consequences of failing to appear and opposed sentencing him in absentia. County Court (Scarano, J.) then correctly noted on the record that defendant had been so advised at the plea proceedings.