People v Sassenscheid (2018 NY Slip Op 04037)





People v Sassenscheid


2018 NY Slip Op 04037


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

108092

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MATTHEW SASSENSCHEID, Appellant.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Donna Maria Lasher, Youngsville, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 9, 2015, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.
Defendant pleaded guilty to grand larceny in the third degree in satisfaction of a two-count indictment, admitting that, while employed as a cashier, he stole cash from his register on more than 10 occasions, in a total amount exceeding $1,000, which he gave to his codefendant, his husband, who was posing as a customer. Pursuant to the plea agreement, the People promised to recommend a sentence of 1 to 3 years in prison. In turn, County Court promised to impose a prison term of 2 to 7 years if defendant were determined to be eligible for shock incarceration
(see Correction Law § 865 [1]), or a prison term of 1 to 3 years if he were deemed ineligible. Defendant's release on his own recognizance was continued pending sentencing, and the January 2015 sentencing date was adjourned at his request. After defendant failed to appear at the April 2, 2015 adjourned date set for sentencing, the court issued a bench warrant and again adjourned sentencing. When defendant failed to appear at the rescheduled sentencing on April 9, 2015, the court sentenced him in absentia to a prison term of 2&frac13; to 7 years, and ordered him to pay restitution of $8,900. Defendant's subsequent motion to set aside the sentence pursuant to CPL 440.20 was denied. Defendant now appeals from the judgment of conviction.
Contrary to defendant's contention, his combined oral and written waiver of appeal was [*2]valid (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Tulip, 150 AD3d 1564, 1565-1566 [2017]). To that end, County Court advised defendant that he had a right to appeal to a higher court, made clear that a waiver of that right would be final, explained that it was separate and distinct from the trial-related rights he was automatically forgoing as a consequence of his guilty plea and ascertained that he had no questions (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Sharpe, 159 AD3d 1192, 1193 [2018]). Counsel represented that he had reviewed the detailed written appeal waiver — which adequately outlined the rights that defendant was waiving — with defendant, who then confirmed that he had no questions before he signed it in court (see People v Webb, 157 AD3d 1132, 1132 [2018]; People v Zeller, 153 AD3d 1049, 1050-1051 [2017]). While it is preferable that the court also explicitly ask a defendant if he or she has read the written waiver, under the circumstances, we are satisfied that the oral colloquy in combination with the written waiver reviewed with counsel establish that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Nichols, 155 AD3d 1186, 1187 [2017]; People v Zeller, 153 AD3d at 1050-1051; People v Empey, 144 AD3d 1201, 1202-1203 [2016], lv denied 28 NY3d 1144 [2017]).
Defendant's claim that County Court abused its discretion in sentencing him in absentia survives his waiver of appeal (see People v Klein, 124 AD3d 1143, 1143 [2015]). "While a defendant's right to be present at every material stage of a trial is well established, it may be waived. For there to be such a waiver, however, it must be shown that the defendant was informed of the right to be present at the proceedings and of the consequences for failing to appear, including the fact that the proceedings would go forward in his or her absence" (People v Major, 68 AD3d 1244, 1245 [2009] [citations omitted], lv denied 14 NY3d 772 [2010]). Moreover, before proceeding in the absence of a defendant who fails to appear, the court must conduct an inquiry into the reason for the absence and consider whether the defendant could be located within a reasonable period of time (see People v Rodman, 104 AD3d 1186, 1186-1187 [2013], lv denied 22 NY3d 1202 [2014]; People v Major, 68 AD3d at 1245; see also People v Atkins, 154 AD3d 1064, 1065-1068 [2017], lv dismissed 31 NY3d 981 [2018]).
Defendant does not dispute that he was properly informed of the right to be present at his sentencing or of the consequences of failing to appear. Rather, he asserts that County Court erred by sentencing him in absentia without first inquiring into the reason for his absence. We agree. When defendant did not appear for sentencing on April 2, 2015, the court noted that defendant had been present for "each and every other occasion," before issuing a bench warrant and adjourning sentencing to April 9, 2015. When defendant again failed to appear, his counsel represented that the only contact he had had with defendant was a conversation on April 1, 2015, when defendant informed counsel that he had additional doctors' appointments to attend, and counsel advised him to appear in court for sentencing on April 2, 2015. There is no indication in the record that defendant was advised that sentencing was adjourned to April 9, 2015. The court was aware of defendant's medical condition, which had required hospitalization in October 2014 and was the reason that sentencing was first adjourned from January 2015 to April 2, 2015. The court specifically observed that no explanation for defendant's absence had been provided by defendant or his counsel but, nonetheless, made no inquiry on the record into the status of any efforts to locate defendant since April 2, when it had issued the bench warrant, before it proceeded to sentence him in absentia. In light of its failure to make any inquiry whatsoever into the reason for defendant's absence, County Court erred when it sentenced defendant in absentia [FN1]. [*3]Defendant's remaining contentions have been rendered academic.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for resentencing; and, as so modified, affirmed.



Footnotes

Footnote 1: Although not part of this appeal, the record shows that defendant's motion to vacate his sentence provided County Court with an opportunity to correct its error by conducting an inquiry into the reason for defendant's absence and by affording him the opportunity to speak concerning the sentence that had been imposed (see e.g. People v Hall, 78 AD3d 1328, 1329 [2010]). However, the court denied defendant's motion without making any inquiry into the reason for his absence.