People v Smith (2019 NY Slip Op 01858)





People v Smith


2019 NY Slip Op 01858


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

109586

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRIAN C. SMITH, Appellant.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


John R. Trice, Elmira, for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl Mancini of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered April 3, 2017, upon a verdict convicting defendant of the crimes of rape in the third degree (three counts) and endangering the welfare of a child.
Defendant was charged by indictment with three counts of rape in the third degree and one count of endangering the welfare of a child. At a court appearance one week before trial, County Court advised defendant of the trial date and warned that the trial would proceed in his absence if he failed to appear. Defendant did not appear for trial, after which he was convicted as charged. The court sentenced him, as a second felony offender, to an aggregate prison term of nine years, to be followed by 10 years of postrelease supervision. Defendant appeals.
Even where "a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial in absentia is not thereby automatically authorized" (People v Parker, 57 NY2d 136, 142 [1982]). "Rather, it must also appear from the record that the trial court considered all appropriate factors before proceeding in [the] defendant's absence, including the possibility that [the] defendant could be located within a reasonable period of time, the difficulty of rescheduling the trial and the chance that evidence will be lost or witnesses will disappear" (People v June, 116 AD3d 1094, 1095 [2014] [internal quotation marks, brackets and citations omitted]). "In most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial in absentia unless, of course, the prosecution can demonstrate that such a course of action would be totally futile" (People v Parker, 57 NY2d at 142).
Defendant had been present at all prior appearances, and there was no explanation for his failure to appear at trial. Defendant's counsel stated that he had been calling defendant for a week without success. That morning, counsel had contacted local jails and hospitals looking for defendant. Despite counsel's request for an adjournment, County Court concluded that defendant [*2]had been warned of the consequences of failing to appear and had voluntarily decided to be absent. The court then issued a bench warrant and immediately began the trial.
County Court abused its discretion in conducting the trial in defendant's absence, as the record does not reflect that the court considered the appropriate factors. Nothing in the record indicates any difficulty in rescheduling the trial, fear that evidence or witnesses would be lost or that further efforts to locate defendant would be futile (see People v Atkins, 154 AD3d 1064, 1067-1068 [2017], lv dismissed 31 NY3d 981 [2018]). "Moreover, the fact that trial was commenced immediately after issuance of a bench warrant demonstrates only a minimal effort to locate defendant prior to trial" (People v Thompson, 94 AD2d 898, 899 [1983]; accord People v June, 116 AD3d at 1096). The court did not provide even a short adjournment for execution of the warrant or a determination as to whether defendant could be located within a reasonable time (see People v Atkins, 154 AD3d at 1067-1068; People v Shook, 294 AD2d 710, 711 [2002], lv denied 98 NY2d 702 [2002]; compare People v Sumner, 254 AD2d 537, 538 [1998]). Because the court violated defendant's right to be present at his trial, we reverse.
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for a new trial.