People v Cutler (2019 NY Slip Op 04505)





People v Cutler


2019 NY Slip Op 04505


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

110485

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RICHARD C. CUTLER, Appellant.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Dominic J. Cornelius, Public Defender, Hudson (Jessica D. Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (Krista Kline of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeals (1) from a judgment of the County Court of Columbia County (Koweek, J.), rendered April 10, 2017, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree, and (2) by permission, from an order of said court, entered June 29, 2017, which denied defendant's motion pursuant to CPL 440.20 to vacate his sentence, without a hearing.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of grand larceny in the third degree. He thereafter pleaded guilty to the reduced charge of grand larceny in the fourth degree and waived his right to appeal. The plea agreement did not include a sentencing recommendation or commitment, and defendant was advised that he faced a maximum sentence of 2 to 4 years in prison. Defendant was further warned, both orally and in writing, that County Court would sentence him in absentia if he failed to appear for sentencing. Defendant did not appear for sentencing, and defense counsel, who had spoken to defendant the day before and expected him to appear, had no explanation for his absence. County Court rejected defense counsel's request for an adjournment to investigate defendant's whereabouts and sentenced defendant to a prison term of 2 to 4 years.
The next day, defense counsel advised County Court that defendant had been absent because of an accidental drug overdose that led to his hospitalization. County Court denied defendant's ensuing motion to set aside the sentence pursuant to CPL 440.20. Defendant appeals from the judgment of conviction and, by permission, from the order denying his motion to set aside his sentence.
Defendant argues that County Court abused its discretion in sentencing him in absentia, an argument lying beyond the scope of an appeal waiver that omitted challenges to the sentence given the lack of a joint sentencing recommendation. Defendant had a waivable right to be present at sentencing, and he was indisputably informed of that right "and of the consequences for failing to appear, including the fact that the proceedings would go forward in his . . . absence" (People v Major, 68 AD3d 1244, 1245 [2009], lv denied 14 NY3d 772 [2010]; see CPL 380.40 [1]; People v Parker, 57 NY2d 136, 141 [1982]; People v Sassenscheid, 162 AD3d 1108, 1109 [2018]). Nevertheless, "before proceeding in the absence of a defendant who fails to appear, the court must conduct an inquiry into the reason for the absence and consider whether the defendant could be located within a reasonable period of time" (People v Sassenscheid, 162 AD3d at 1109; see People v Parker, 57 NY2d at 142; People v Major, 68 AD3d at 1245). County Court did not make that inquiry and, indeed, rejected defense counsel's request for an adjournment to look into the reasons for defendant's absence. Thus, County Court erred in sentencing defendant in absentia (see People v Sassenscheid, 162 AD3d at 1110; People v Carter, 51 AD3d 1139, 1141 [2008]). In light of the foregoing, defendant's appeal from the order denying his CPL 440.20 motion is academic.
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Columbia County for resentencing; and, as so modified, affirmed.
ORDERED that the appeal from the order is dismissed, as academic.